Arnold Richer - 2751
Patrick F. Holden - 6247
**RICHER & OVERHOLT P.C.**
901 West Baxter Drive
South Jordan, UT 84095
Telephone: (801) 561-4750 x15
Facsimile: (801) 561-4744
Email: aricher@richerandoverholt.com

Attorneys for World Botanical Gardens, Inc.

---

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>WALTER L. WAGNER,<br><br>Debtor. | Bankruptcy Case No. 12-35494<br><br>Chapter 7<br><br>Honorable Joel T. Marker |
| WORLD BOTANICAL GARDENS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WALTER L. WAGNER,<br><br>Defendant. | **COMPLAINT**<br>[11 U.S.C. §523(a)(2)(4)(6) and (19)]<br><br>Adversary Proceeding No. _____<br><br>(Filed via ECF) |

Plaintiff World Botanical Gardens, Inc. ("Plaintiff" or "WBGI"), by and through its counsel, hereby complains against Defendant Walter L. Wagner ("Defendant") as follows:

## NATURE OF ACTION

1. This adversary proceeding is brought pursuant to Bankruptcy Rules 4007 and 7001, 11 U.S.C. § 523(a)(2)(4)(6) and (19), and requests judicial notice of prior decisions under Fed. R. Evid. 201(b).

2. Plaintiff seeks an order of the Court recognizing and validating the rulings set forth in two state court final decisions based upon the Defendant's fraud and violations of both state and federal securities laws, to wit:

    a. World Botanical Gardens, Inc. v. Walter Wagner, et al.; In the Second Judicial District Court of the State of Nevada in an for the County of Washoe, Case No. CV05-02079, dated October 2, 2006, hereinafter "Nevada Judgment", a true and correct copy of which Findings of Fact, Conclusions of Law, Order of Permanent Injunction, and Judgment and Order of Affirmance are collectively attached hereto as Exhibit "A" and incorporated herein by reference; and

    b. World Botanical Gardens, Inc. v. Walter Wagner, et al.; In the Circuit Court of the Third Circuit, State of Hawaii, Case No. 05-01-0210, dated September 28, 2008 referencing Findings of Fact, Conclusions of Law, and Decision and Order, hereinafter "Hawaii Judgment", a true and correct copy of which First Amended Final Judgment and Findings of Fact, Conclusions of Law, and Decision and Order and Order Rejecting Application for Writ of Certiorari are collectively attached hereto as Exhibit "B" and incorporated herein by reference.

3. Plaintiff seeks an order of the Court recognizing and validating the post Nevada Judgment Order of Contempt entered October 4, 2006 by the Honorable Brent Adams, hereinafter "Nevada Court", a true and correct copy of which Order is attached hereto as Exhibit "C" and incorporated herein by reference.

4. Plaintiff seeks an order of the Court recognizing and validating the post Nevada Judgment Findings of Fact, Conclusions of Law, Order of Contempt and Judgment of Contempt entered February 7, 2007 by the Nevada Court, a true and correct copy of which Order is attached hereto as Exhibit "D" and incorporated herein by reference.

5. Plaintiff seeks an order of the Court recognizing and validating the post Nevada Judgment Findings of Fact, Conclusions of Law, and Order Approving the Sale of Defendants' Ownership Interests in World Botanical Gardens, Inc. At Public Auction by the Washoe County Sheriff's Office entered May 25, 2007 by the Nevada Court, a true and correct copy of which Order is attached hereto as Exhibit "E" and incorporated herein by reference.

6. Plaintiff seeks an order of the Court recognizing and validating the post Nevada Judgment Findings of Fact, Conclusions of Law, and Order entered June 14, 2007 by the Nevada Court, a true and correct copy of which Order is attached hereto as Exhibit "F" and incorporated herein by reference.

7. Plaintiff seeks an order of the Court determining that the Defendant's debt to Plaintiff under the Nevada Judgment and Hawaii Judgment and subsequent related Orders is nondischargeable.

## PARTIES

8. Plaintiff is a corporation organized under the laws of the State of Nevada and doing business in the State of Hawaii.

9. Defendant is an individual, who is the Debtor in the above captioned Chapter 7 bankruptcy case, whose current mailing address is 532 North 799 East, Payson, UT 84651, and who is a resident of Utah County, State of Utah.

10. On December 12, 2012, Defendant filed a Bankruptcy Petition No. 12-35494 commencing a case under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, which case is pending before this Court.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2), (I), and (O), 1334(b), and 11 U.S.C. § 523.

12. This is a core proceeding under 28 U.S.C, § 157(b)(2)(I).

13. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

14. This action is brought pursuant to Fed. R. Bank P. 7001(6).

## GENERAL ALLEGATIONS

15. On September 13, 2005 Plaintiff sued Defendant in Nevada state court to obtain an injunction against Defendant's ongoing fraud, misrepresentations and interference with the Plaintiff's operations.

16. After a three day trial, the Nevada Court entered Findings of Fact, Conclusions of Law, Order of Permanent Injunction, and Judgment on October 2, 2006. [Exhibit "A"]

17. The Nevada Court found that Plaintiff "had diverted funds to his personal accounts, failed to keep proper financial records, and failed to pay employment taxes, failed to file corporate income tax reports, failed to keep accurate records of shareholders." [Exhibit "A", pgs. 2 - 3; ¶ 6]

18. The Nevada Judgment described a "relentless conspiracy and campaign by Defendant Walter Wagner and other Remaining Defendants to gain control of WBGI at any cost." [Exhibit "A", pg. 4, ¶ 13]

19. The Nevada Court found that the Defendant "attempted to alter the signature cards of WBGI at the Bank of Hawaii, causing the Bank of Hawaii to freeze the WBGI account and to bounce WBGI checks, damaging WBGI in the amount of at least $884.00." [Exhibit "A", pg. 5, ¶ 17]

20. The Nevada Court found that Defendant "caused, at a bare minimum, $11,853.06 in damages to WBGI through closure of the WBGI website through August 17, 2006." [Exhibit "A", pg. 5 ¶ 18]

21. Based on its Findings of Fact, the Court also held that "[f]rom Defendant Walter Wagner's removal through the present, the WBGI Board of Directors has properly managed the business and affairs of WBGI." [Exhibit "A", pg. 6, ¶ 22]

22. The Nevada Court findings establish that the Defendant operated under false pretenses, making false representations and engaging in actual fraud "to paralyze and destroy WBGI . . . ." [Exhibit "A", pg. 6, ¶ 23].

23. The Nevada Court ruled that Plaintiff "intentionally and illegally engaged in a fraudulent scheme to sell shares of WBGI stock to unsuspecting purchasers." [Exhibit "A", pg. 7, ¶27]

24. Based on its Findings of Fact, the Court ruled in its Conclusions of Law that "[t]he removal of Defendant Walter Wagner from the WBGI Board of Directors was proper . . . ." [Exhibit "A", pg. 9, ¶ 2]

25. As a result, the Nevada Court entered an Order of Permanent Injunction against Plaintiff, ordering Plaintiff to cease creating or participating in an alternate board of directors, interfering with Defendant WBGI's business affairs, altering signature cards of Defendant WBGI bank accounts, or attempting to sell Defendant WBGI property. [Exhibit "A", pgs. 9-11]

26. The Nevada Court found Defendant "liable to WBGI in the amount of $12,737.06 together with post judgment interest at the legal rate for damages . . . cause[d][sic] by freezing the WBGI bank account and closing the WBGI website." [Exhibit "A", Judgment, pg. 12]

27. On June 30, 2005, Plaintiff sued Defendant in Hawaii state court seeking to recover funds Defendant converted or misappropriated to his personal use.

28. The Hawaii Court found that Defendant created share certificates:

as part of a fraud scheme whereby Defendants Walter Wagner . . . sold WBGI treasury shares without authority and or authorization to do so and pocketed the proceeds, instead of turning the proceeds over to WBGI as investors were led to believe would occur. Checks from investors made out to "World Botanical Gardens" and "World Botanical Gardens, Inc." were endorsed and deposited into the personal bank accounts of Defendant Wagner.

[Exhibit "B", pg. 22, ¶75]

29.    The Hawaii Court went on to find that:

Between July of 2004 and June of 2006, Defendants Walter Wagner . . . participated in the sale of WBGI treasury shares which generated the total sum of $351,520.00, and which sum was represented by Defendants Walter Wagner . . . to be used for the benefit of WBGI, but which instead was used by said Defendants for their own benefit.

Exhibit "B", pg. 22, ¶76]

30.    The Hawaii Court concluded that:

As self-appointed officers and directors of WBGI, and as promoters of WBGI, Defendants Walter Wagner . . . owed and assumed fiduciary duties to WBGI which were breached when they converted WBGI funds to their personal benefit, without disclosure to WBGI's shareholders and without approval.

[Exhibit "B", pg. 40, ¶3]

31.    The Hawaii Court specifically awarded:

Special Damages against Defendants Walter Wagner . . . jointly and severally, in the sum of $351,520.00 relating to their illegal and fraudulent sales of WBGI treasury shares and associated misappropriation of WBGI funds, plus pre-judgment interest at the Legal Rate from the date of each check.

[Exhibit "B", pg. 47, ¶8]

32. The Hawaii Court found Misappropriation, Conversion and Breach of Fiduciary Duty, and Unjust Enrichment [Exhibit "B", pg. 40,¶ A]; Unauthorized Sale of WBGI Treasury Shares, Theft of Trade Secrets and Interceptance and Interference with Prospective Economic Advantage [Exhibit "B", pg. 41,¶ B]; awarded Punitive Damages to WBGI [Exhibit "B", pg. 43,¶ C]; awarded Attorneys' Fees and Costs to WBGI [Exhibit "B", pg. 44,¶ D]; granted a Permanent Injunction against Defendant [Exhibit "B", pg. 44,¶ E]; found Abuse of Process and Malicious Prosecution against Defendant [Exhibit "B", pg. 45,¶ F]; and declared Defendant to be "a vexatious litigant." [Exhibit "B", pg. 46,¶ G]

33. On October 4, 2006 the Nevada Court entered an Order of Contempt finding the Defendant "in willful and direct contempt of the Court's Order for Preliminary Injunction and Order for Permanent Injunction . . . ." [Exhibit "C", pg. 9,¶ 1]

34. On January 16, 2007 the Nevada Court conducted a hearing on a Motion to Enforce Contempt against Defendant Walter Wagner for violations of the Preliminary Injunction and a previously entered Permanent Injunction, and on February 7, 2007 the Court entered its Findings of Fact, Conclusions of Law, Order of Contempt, and Judgment of Contempt against Defendant. [Exhibit "D"]

35. The Nevada Court found that Defendant "knowingly and intentionally defrauded 60 innocent and unsuspecting investors who thought they were purchasing WBGI stock from WBGI through authorized agents of WBGI in a total amount of $351,200.00, funds which these unsuspecting investors intended WBGI to receive and use to meet WBGI's capital needs. Instead,

Defendant Walter Wagner . . . illegally and intentionally misappropriated these funds to . . . personal purposes such that WBGI did not received [sic] any of these funds. Of this $351,520.00, Defendant Walter Wagner personally received $281,216.00 . . . . representing an agreed upon 80-20 split of the proceeds of their wrongdoing. [Exhibit "D"; pg.3,¶ 3]

36. The Nevada Court entered an Order of Contempt holding "that a constructive trust in the amount of $281,216.00 is imposed upon WBGI funds received by Defendant Walter Wagner . . . that Defendant Walter Wagner . . . knowingly and intentionally defrauded from 60 innocent and unsuspecting investors who thought they were providing capital to WBGI by investing in WBGI stock." [Exhibit "D"; pg. 4, Order of Contempt ]

37. The Nevada Court entered Judgment of Contempt as follows:

JUDGMENT IS HEREBY GRANTED in favor of Plaintiff WBGI and against Defendant Walter Wagner in the amount of $281,216.00 together with pre-judgment interest at the legal rate from the date of each fraudulent share sale and post-judgment interest at the legal rate.

[Exhibit "D"; pg. 6]

38. On May 11, 2007 the Nevada Court conducted a hearing on a Motion to Approve Plaintiff's proposed plan to sell Defendant's interests in Plaintiff corporation at Public Auction, and an Order approving said sale was entered on May 25, 2007. [Exhibit "E"]

39. On May 11, 2007 the Nevada Court conducted a hearing on Defendant's Motion for Relief from Judgment or Order and Plaintiff's Motion to Declare Defendants Wagner and Perkins

Vexatious Litigants and Defendant's Motion to Approve WBGI's Proposed Plan to Sell Defendants' Interests in WBGI at Public Auction. [Exhibit "F"]

40. On June 13, 2007 the Nevada Court entered its Findings of Fact, Conclusions of Law and Order concluding *inter alia* that the Defendant has "abused the civil legal process by making misrepresentations to this and other courts in both Nevada and Hawaii, by making misrepresentations to opposing counsel, by ignoring orders and judgments of this Court, by failing to disclose and/or concealing information from opposing counsel and this Court, by filing voluminous legal pleadings replete with misrepresentations and false statements, and by attempting to relitigate issues in both this Court and other courts which this Court long-ago resolved after both a preliminary injunction hearing and a trial on the Merits." [Exhibit "F", pg. 9, ¶ 3]

### FIRST CAUSE OF ACTION
### 11 U.S.C. § 523(a)(2)(A) The Debt is Non Dischargeable as a Result of the Debtor's False Pretenses, False Representations and Actual Fraud

41. Plaintiff re-alleges and incorporates by reference each of the allegations of this Complaint stated above.

42. Pursuant to Section 523(a)(2)(A), a discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt where the debt was obtained by false pretenses, false representations, or actual fraud.

43. The Findings of Fact, Conclusions of Law, Order of Permanent Injunction and Judgment entered by the Nevada Court, as well as the facts underlying the Plaintiffs' Complaint

establish that the Defendant operated under false pretenses, making false representations and engaging in actual fraud.

44.     Defendant's fraud and fraudulent misrepresentations have included intentional interference with Plaintiff's business and governance.

45.     Defendant's fraud and fraudulent misrepresentations resulted in the theft and redirection of funds belonging to Plaintiff.

46.     Defendant has failed to account for the funds and assets of Plaintiff as required by the Nevada Judgment.

47.     Defendant has failed to establish a constructive trust for Plaintiff's benefit consisting of the funds and assets intended for Plaintiff as required under the Nevada Judgment.

48.     As a direct result of the Defendant's false pretenses, false misrepresentations and actual fraud, the Plaintiff has been damaged as more particularly set forth in the Nevada Judgment.

49.     The Hawaii Court's findings of misappropriation, conversion and breach of fiduciary duty, and unjust enrichment constitute further findings of the Defendant's false pretenses, false representations and actual fraud.

50.     As a direct result of the Defendant's misappropriation, conversion and breach of fiduciary duty, and unjust enrichment, the Plaintiff has been damaged as more particularly set forth in the Hawaii Judgment.

51.     Pursuant to 11 U.S.C. § 523(a)(2)(A), Findings in the Nevada Judgment and Hawaii Judgment set forth with particularity the Defendant's fraud, false representations and actual fraud,

constituting an exception to discharge in Defendant's bankruptcy proceedings under Chapter 7 of Title 11 of the United States Code, 1.1 U.S.C. § 101, *et seq.*

## SECOND CAUSE OF ACTION
**11 U.S.C. § 523(a)(4) The Debt is Non Dischargeable as a Result of the Debtor's Fraud and Defalcation While Acting In A Fiduciary Capacity, Embezzlement, or Larceny**

52. Plaintiff re-alleges and incorporates by reference each of the allegations of this Complaint stated above.

53. Pursuant to Section 523(a)(4), a discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt where the debt was obtained as a result of the Debtor's fraud and defalcation which acting in a fiduciary capacity, embezzlement, or larceny.

54. The Hawaii Court expressly found that the Defendant engaged in misappropriation, conversion and breach of fiduciary duty.

55. The Hawaii Court expressly found that the Defendant obtained unjust enrichment from the actions of fraud while acting in a fiduciary capacity.

56. The Hawaii Court expressly found that the Defendant engaged in the unauthorized sale of WBGI treasury shares.

57. The Hawaii Court expressly found that the Defendant engaged in the theft of trade secrets and the interceptance and interference with Plaintiff's prospective economic advantage.

58. As a direct result of the Defendant's fraud and defalcation while acting in a fiduciary capacity, the Plaintiff has been damaged as more particularly set forth in the Hawaii Judgment.

59. As a direct result of the Defendant's embezzlement or larceny while acting in a fiduciary capacity, the Plaintiff has been damaged as more particularly set forth in the Hawaii Judgment.

60. Pursuant to 11 U.S.C. § 523(a)(4), Findings in the Hawaii Judgment set forth with particularity the Defendant's fraud and defalcation which acting in a fiduciary capacity, embezzlement, or larceny, constituting an exception to discharge in Defendant's bankruptcy proceedings under Chapter 7 of Title 11 of the United States Code, 1.1 U.S.C. § 101, *et seq.*

### THIRD CAUSE OF ACTION
### 11 U.S.C. § 523(a)(6) The Debt is Non Dischargeable as a Result of the Debtor's Willful and Malicious Injury by the Debtor to another Entity or to the Property of Another Entity

61. Plaintiff re-alleges and incorporates by reference each of the allegations of this Complaint stated above.

62. Pursuant to Section 523(a)(6), a discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt where the debt was obtained as a result of the Debtor's willful and malicious injury by the debtor to another entity or to the property of another entity.

63. On October 2, 2006 the Nevada Court issued an Order of Permanent Injunction to prevent numerous patterns of behavior wherein the Defendant intentionally interfered with Plaintiff's business affairs.

64. On October 4, 2006 the Nevada Court issued an Order of Contempt expressly finding that the Defendant knowingly and intentionally violated both a Preliminary Injunction and Permanent Injunction from interfering in the business of WBGI.

65. On January 16, 2007 the Nevada Court issued Findings of Fact, Conclusions of Law, Order of Contempt and Judgment of Contempt in an effort to enforce contempt against the Defendant for violations of the Preliminary Injunction and Permanent Injunction previously entered

66. On June 14, 2007 the Nevada Court issued Findings of Fact, Conclusions of Law, and Order finding the conduct of the Defendant to be an extreme, intentional abuse of the legal process with the goal to abuse the legal process and destroy WBGI.

67. As a direct result of the Defendant's willful and malicious injury by the Debtor to Plaintiff's business operations, the Plaintiff has been damaged as more particularly set forth in the Nevada Judgment and subsequent Permanent Injunction and Order of Contempt.

68. The Hawaii Court found *inter alia* Abuse of Process and Malicious Prosecution against Defendant.

69. Plaintiff has incurred considerable legal expense at a detriment to its business operations in order to address the ongoing interference with business caused by the Defendant.

70. Pursuant to 11 U.S.C. § 523(a)(6), findings of two courts set forth with particularity the Defendant's willful and malicious injury, constituting an exception to discharge in Defendant's bankruptcy proceedings under Chapter 7 of Title 11 of the United States Code, 1.1 U.S.C. § 101, *et seq.*

**FOURTH CAUSE OF ACTION**
**11 U.S.C. § 523(a)(19) The Debt is Non Dischargeable Because it is for a Violation of Securities Laws as well as Common Law Fraud, Deceit, or Manipulation in Connection with the Purchase or Sale of a Security**

71. WBGI re-alleges and incorporates by reference each of the allegations of this Complaint stated above.

72. Pursuant to Section 523(a)(19), a discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt where the debt was obtained as a result of the Debtor's violation of any Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws.

73. Pursuant to 11 U.S.C. § 523(a)(19), Defendant may not obtain a discharge from any debt that is for common law fraud, deceit or manipulation in connection with the purchase or sale of any security.

74. Defendant's sale of, or participation in the sale of participation agreements or treasury shares constitutes the sale of a security within the meaning of both federal and applicable state laws.

75. Defendant's sale of securities involved the misrepresentation and/or omissions of material facts related to the securities, including but not limited to, Defendant's lack of authority to issue the securities as well as Defendant's misappropriation of investment funds for personal use.

76. Defendant made the aforementioned actionable misrepresentations and/or omissions with scienter, having the specific intent to deceive, manipulate and defraud the investors and Plaintiff.

77. Investors actually and justifiably relied on Defendant's material misrepresentations and/or omissions.

78. As a result of Defendant's misrepresentations and/or omissions, WBGI was harmed not only in the amount of investor funds improperly diverted, but also in damage to its good will resulting from Defendant's fraudulent conduct.

79. Both the Hawaii and Nevada Courts entered a judgment based on facts establishing Defendant's common law fraud, deceit or manipulation in connection with the purchase or sale of any security.

80. Both the Hawaii and Nevada Courts entered a judgment based on facts establishing Defendant's violations of both state and federal securities laws.

81. Pursuant to 11 U.S.C. 523(a)(19)(B)(iii) Defendant may not obtain a discharge from any debt from any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the Debtor.

82. Defendant has been ordered by the Nevada Court to hold funds for the sale of WBGI stock in a constructive trust for the benefit of WBGI and Defendant fails and refuses to comply with the Court's Order.

83.     The Nevada Court has held Defendant in willful and direct contempt of the Court's Order under NRS Chapter 22 and the equitable authority of the Court to enforce its orders for his failure to produce to the Court and to WBGI all banking and related records for all improper share sales.

84.     The Plaintiff has been damaged as a direct result of the Defendant's common law fraud, deceit and manipulation in connection with the sale of any security.

85.     The Plaintiff has been damaged as a direct result of the Defendant's failure to comply with the Court's Order requiring the Defendant to hold funds for the sale of WBGI stock in a constructive trust.

86.     The Plaintiff has been damaged as a direct result of the Defendant's failure to produce to the Court and to Plaintiff all banking and related records for all improper share sales.

87.     Pursuant to 11 U.S.C. § 523(a)(19), findings in the Nevada Judgment and Hawaii Judgment set forth with particularity the Defendant's violation of securities laws as well as common law fraud, deceit, and manipulation in connection with the sale of a security, constituting an exception to discharge in Defendant's bankruptcy proceedings under Chapter 7 of Title 11 of the United States Code, 1.1 U.S.C. § 101, *et seq.*

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief against Defendant:

1.  On all causes of action, for a Judgment recognizing and validating the rulings as more particularly set forth in two state court final decisions and subsequent Orders, based upon the Defendant's fraud and violations of both state and federal securities laws, in the amounts set forth therein and referenced as follows:

   a.  World Botanical Gardens, Inc. v. Walter Wagner, et al.; In the Second Judicial District Court of the State of Nevada in an for the County of Washoe, Case No. CV05-02079, dated October 2, 2006;

   b.  World Botanical Gardens, Inc. v. Walter Wagner, et al.; In the Circuit Court of the Third Circuit, State of Hawaii, Case No. 05-01-0210, dated September 28, 2008;

   c.  World Botanical Gardens, Inc. v. Walter Wagner, et al.; In the Second Judicial District Court of the State of Nevada in an for the County of Washoe, Case No. CV05-02079, Order of Contempt entered October 4, 2006;

   d.  World Botanical Gardens, Inc. v. Walter Wagner, et al.; In the Second Judicial District Court of the State of Nevada in an for the County of Washoe, Case No. CV05-02079, Findings of Fact, Conclusions of Law, Order of Contempt and Judgment of Contempt entered February 7, 2007;

   e.  World Botanical Gardens, Inc. v. Walter Wagner, et al.; In the Second Judicial District Court of the State of Nevada in an for the County of Washoe, Case No. CV05-02079, Findings of Fact, Conclusions of Law, and Order Approving the Sale of Defendants'

Ownership Interests in World Botanical Gardens, Inc. at Public Auction by the Washoe County Sheriff's Office entered May 25, 2007; and

  f. <u>World Botanical Gardens, Inc. v. Walter Wagner, et al.</u>; In the Second Judicial District Court of the State of Nevada in an for the County of Washoe, Case No. CV05-02079, Findings of Fact, Conclusions of Law, and Order entered June 14, 2007;

  2. On the First Cause of Action for a Judgment that Defendant's debt owed to Plaintiff is nondischargeable pursuant to 11 U.S.C. §523(a)(2);

  3. On the Second Cause of Action for a Judgment that Defendant's debt owed to Plaintiff is nondischargeable pursuant to 11 U.S.C. §523(a)(4);

  4. On the Third Cause of Action for a Judgment that Defendant's debt owed to Plaintiff is nondischargeable pursuant to 11 U.S.C. §523(a)(6);

  5. On the Fourth Cause of Action for a Judgment that Defendant's debt owed to Plaintiff is nondischargeable pursuant to 11 U.S.C. §523(a)(19);

  6. For costs of suit;

  7. For reasonable attorney's fees; and

  8. For such other and further relief as the Court deems just.

DATED this 14th day of March 2013.

                 **RICHER & OVERHOLT, P.C.**

                 */s/ Arnold Richer*
                 Arnold Richer
                 Attorney for Plaintiff