WALTER L. WAGNER
532 N 700 E
Payson, UT 84651
retlawdad@hotmail.com
808-443-6344

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF UTAH

--ooOoo--

| | |
|---|---|
| WORLD BOTANICAL GARDENS, INCORPORATED (WBGI), | Bankruptcy No. 12-35494 <br> A.P. No. 13-02099 |
| Plaintiff | |
| vs. | **MOTION FOR STAY** <br> [Rules16(a)(1, 5), <br> Rule16(c)(2)(P), Rule 7(b) of <br> FRCP; Rule 7012(a) of FRBP] |
| WALTER L. WAGNER, | |
| Defendant | |

MOTION FOR STAY

1. Defendant Walter L. Wagner respectfully moves this Court, pursuant to Rules 7(b), 16(a)(1), 16(a)(5) and 16(c)(2)(P) of the *Federal Rules of Civil Procedure*, and to Rule 7012(a) of the *Federal Rules of Bankruptcy Procedure* for a stay of the proceedings pending resolution of the parallel case entitled *Wagner v. Michie, WBGI, et al.*, Civil No. 0124895, currently pending in US District Court, District of Utah.

2.  In the pending federal action, plaintiff Wagner seeks not only monetary relief for numerous tort actions of defendants WBGI et al. commencing circa 2008, but also for appointment of a Receiver to replace the current mismanagement team. It is expected that the Receiver will immediately appoint corporate counsel to replace Arnold Richer for the purpose of resolving the instant action without further litigation.

3.  The pending federal action has a submitted request for appointment of a Receiver, with the parties having submitted the matter for decision in late 2012. The expected Receiver, one of the original co-founders of WBGI, has indicated his desire to appoint counsel who will quickly settle the fraudulent litigations that the current WBGI mismanagement team has foisted upon WBGI shareholders, including WBGI's prosecution of the instant action seeking to prevent the discharge of judgments that were obtained by frauds, lies and deceit on the part of members of WBGI's board of directors, as is detailed in the parallel pending federal suit of *Wagner v. WBGI*.

4.  Numerous sworn affidavits were filed in that federal case in support of the appointment of a receiver, attesting to among other facts, plaintiff Wagner's 12.5% ownership interest in WBGI (the federal rules require a minimum 10% ownership interest to seek appointment of a receiver), and the sell-off of 90% of WBGI's land interests by the current mismanagement team. None of those sworn supporting affidavits had opposing affidavits filed in opposition contesting any of the facts that were set forth to sustain appointment of a receiver, or any other facts setting forth the numerous frauds of defendant herein, including the fraudulent obtaining of judgments against defendant Wagner herein where no such judgments were warranted based on the actual facts, and the judgments were obtained solely because of those extensive frauds. Accordingly, those facts averred to in the sworn affidavits can now be considered to be the facts of the case.

5.  Facts set forth in the affidavits in support of a Receiver are summarized in the accompanying *Affidavit of Walter L. Wagner in Support of a Stay of Proceedings*. The pending parallel federal suit has been pending before the court for nearly two years, and an additional few months' stay will not adversely impact either party.

6. Accordingly, it is requested that this Court calendar a Rule 16 pre-trial hearing in this matter. Staying this matter while it is determined in the pending federal court action of *Wagner v. WBGI* whether Arnold Richer may continue to purport to represent the interests of the WBGI shareholders is an action allowable to this Court within the purview of Rule 16 purposes which allows for the court to engage in such actions that will facilitate the settlement of the case (Rules 16(a)(1 and 5)) or engage in such other matters as may facilitate the just, speedy and inexpensive disposition of the action (Rule16(c)(2)(P)).

DATED: April 7, 2013

*Walter L. Wagner* (signature)

Walter L. Wagner