WALTER L. WAGNER
532 N 700 E
Payson, UT 84651
retlawdad@hotmail.com
808-443-6344

FILED IN THE
UNITED STATES
BANKRUPTCY COURT

2013 MAY -6 PM 1:18

DISTRICT OF UTAH
MAIL

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF UTAH

--ooOoo--

| | | |
|---|---|---|
| WORLD BOTANICAL GARDENS, INCORPORATED (WBGI), | ) ) ) | Bankruptcy No. 12-35494<br>A.P. No. 13-02099 |
| Plaintiff | ) ) | |
| vs. | ) ) | **RESPONSE TO WBGI'S** *"RESPONSE AND MEMORANDUM IN OPPOSITION TO MOTION FOR STAY"* |
| WALTER L. WAGNER, | ) ) | |
| Defendant | ) ) | |

RESPONSE TO WBGI'S *"RESPONSE AND MEMORANDUM IN OPPOSITION TO MOTION FOR STAY"*

INTRODUCTION

Defendant Walter L. Wagner responds to WBGI's counsel's response to the

motion to stay pending final resolution of *Wagner v. Michie, WBGI, et al.*



As is indicated previously, the WBGI agents are attempting to work a fraud upon this Court in seeking to have judgments which they obtained by their frauds, and which are not based in fact whatsoever but rather entirely on frauds, validated as 'non-dischargeable', as is detailed in the accompanying affidavits.

The frauds that were worked on the state trial courts, resulting in fraudulent judgments naming, *inter alia*, defendant herein Wagner, are now being used by plaintiff Wagner therein as a basis for seeking denial of alleged "issue preclusion" in the parallel federal case (*Wagner v. Michie, WBGI, et al.*). The "issue preclusion" sought by WBGI is based on the operative effect of those fraudulently obtained judgments. The two judgments arose from two sham 'trials'; the first sham trial judgment (*Nevada Case*) arose when defendant Wagner was fraudulently deceived into not flying several witnesses from Hawaii to Nevada who would have testified pertaining to alleged monetary claims that were not supposed to be litigated in Nevada[1]; and the second sham trial judgment (*Second Hawaii Case*) arose when defendant Wagner's chief witness (Linda Wagner) was falsely and fraudulently arrested at the sham "trial" due to the criminal collusion of WBGI's agent Ken Francik with the trial court judge, precluding any testimony from the defense.

---

[1] As detailed previously herein, and in the accompanying sworn affidavits of *Exhibit "A"*, WBGI's attorneys filed two separate lawsuits, in Nevada and in Hawaii, setting forth essentially identical claims, both seeking identical monetary claims and both seeking a request for settlement of the dispute as to whether the Tolman Board, or Francik Board, properly governed WBGI. Defendant Wagner filed a motion in Hawaii seeking discharge of either the Nevada suit, or the Hawaii suit, as being duplicative and in violation of general legal principles prohibiting multiplicity of similar suits with the same parties and issues in various jurisdictions. The Hawaii judge Nakamura instead limited the Nevada suit to strictly a determination of the governance issue and no monetary claims, as Nevada was the state of incorporation of WBGI; and limited the Hawaii suit to the monetary claims. WBGI's Hawaii attorney (who was also judge Nakamura's judge *pro tempore*) agreed to not litigate or seek monetary claims in Nevada in order to maintain its Hawaii suit.

Those frauds were extensively detailed in that pending parallel federal case by way of numerous sworn affidavits by three individuals, which are filed herein as an attached *Exhibit "A"* to the synopsis thereof contained in the accompanying sworn affidavit of Walter L. Wagner filed concurrently herewith. **There were <u>no</u> affidavits filed by WBGI, or its agents, opposing any of the facts set forth in those affidavits detailing the frauds worked upon the state trial court judges.** Rather, the facts set forth in the parallel action are uncontested facts detailing how the frauds were worked upon the trial courts, and that no adverse judgments should have been entered had those frauds not been worked.

Because of the intricate nature of the frauds, and the misunderstanding thereof by newly appointed judge Shelby, he has erroneously dismissed that parallel case in its entirety, resulting in the necessity of the filing of an appeal. An appeal will be timely filed therein, and this Court will be kept apprised of the progress of that appeal.

SUMMARY OF ERRORS FOR THE APPEAL

The opinion of judge Shelby is replete with errors of reasoning based on a faulty misapprehension of the facts submitted in the sworn affidavits.

His opinion, entitled *Memorandum Decision and Order*, is found as *Exhibit "D"* to WBGI's response and memorandum.

NEVADA CASE

1.    Judge Shelby ignores or did not read the facts giving rise to the fraud in the Nevada case. Because defendant Wagner had been informed and promised that the Nevada case would not litigate monetary claims, he did not fly in witnesses who had testimony pertaining to the fraudulent monetary claims being made, and in particular he did not fly in to Nevada from Hawaii Linda Wagner who had served as

3

WBGI's Secretary and Treasurer, and who had also supervised the sale of defendant Wagner's personal shares, as per her accompanying affidavit. He also did not fly in to Nevada from Hawaii David Adams, who had monitored the sale of Wagner's personal shares and who had been reducing Wagner's share count in the corporate data base as those sales were being made. Both of those reputable parties would have given extensive testimony that Wagner committed no fraud in selling his own shares, and that he emphatically was not selling the corporate treasury shares as was falsely alleged in Nevada by Francik. Instead, he flew in witnesses who would provide testimony pertaining to the governance issue, namely Mr. Dan Perkins who had served on the Tolman Board, and Mr. Ron Tolman, who chaired that board. Which of those two boards was the properly elected board was in no way determined by Wagner selling some of his own shares, and he was not "removed" from any board for such falsely alleged 'misappropriation' of funds as suggested by judge Shelby.[2]

---

[2] WBGI's *Exhibit "D"*, page 3, bottom paragraph, which reads: *"But to reach this decision, the Nevada court ultimately decided which of two competing boards of directors should control WBGI. But to reach this decision, the Nevada court resolved a number of related factual and legal issues, including whether Mr. Wagner misappropriated funds, ... Mr. Wagner had ample opportunity to argue these issues..."* The alleged 'misappropriation of funds' pertained to the false monetary claim being advanced by Francik that defendant Wagner embezzled corporate treasury shares, sold them, and pocketed the money. That never happened, and the litigation was supposed to be limited to the governance issue. The sale of shares via the *World Botanical Gardens Foundation* was not at issue in Nevada, but in Hawaii. Whether Ron Tolman was the properly elected CEO (governance issue), not Francik, did not turn one iota on whether or not Wagner sold some of his own shares. Wagner was deceived into not flying in to Nevada his witnesses pertaining to the monetary claims then pending in Hawaii. He had only his own testimony against that of the lying Francik in Nevada, and not the testimony of honest corroborating witnesses, who had remained behind in Hawaii. That fraud of litigating monetary claims, after promising only governance claims would be litigated, precluded defendant Wagner from having a full and fair trial on those claims, resulting in a serious fraud on the trial court.

## HAWAII CASE

2.      Judge Shelby has an apparent mis-apprehension of the facts (or more likely, failed to read them) pertaining to the fraud of the Hawaii case (*Second Hawaii Case*). It appears that he believes that Linda Wagner was in the courtroom solely for moral support of defendant Wagner, or window-dressing, or other non-essential purpose. He asserts that the argument that she was arrested and removed from the courtroom, and that that arrest precluded defendant Wagner from having a full and fair opportunity to litigate, is "nonsensical" because nowhere is it mentioned that defendant Wagner himself was arrested and removed from the courtroom (which he was not).[3]

3.      Rather than Wagner's argument being "nonsensical", judge Shelby's understanding of the facts is nonsense. Nowhere was it argued that only defendant Wagner could give relevant testimony. Rather, it was shown and argued that Linda

---

[3] WBGI's *Exhibit "D"*, page 4, top paragraph, which reads: "*Mr. Wagner asserts that he could not present his own testimony during the trial because he had to bail his wife out. The court finds that Mr. Wagner's argument is nonsensical. There is no evidence that Mr. Wagner himself was arrested or prevented from appearing at the Second Hawaii trial. He cannot complain that he did not have a full and fair opportunity to litigate when he voluntarily chose not to appear.*" But the facts of the sworn affidavits (Wagner's *Exhibit "A"*) are otherwise. Those facts show, and are corroborated by Linda Wagner's accompanying affidavit, that she was defendant Wagner's chief witness for the trial. She had served as WBGI's Secretary and Treasurer for a full decade (1995 to September 2, 2004). She had full knowledge of all of the expenditures of WBGI during the period of time in question on the false and fraudulent monetary claims that defendant Wagner engaged in frauds or misappropriations of WBGI monies. She maintained the computer accounting of WBGI's books. She also served as the manager of the *World Botanical Gardens Foundation* (WBGF) and monitored both the money coming in to WBGF from the sale of defendant Wagner's personal shares he'd donated to WBGF, but also the monies being spent by WBGF on the betterment of the WBGI botanical garden. She was in the perfect position to have full knowledge of all of the relevant facts. And she was unlawfully arrested and removed from the courtroom by the fraud of Ken Francik lying to a grand jury about her, before having the opportunity to say a single word.

Wagner's testimony was extremely relevant, and that she was a critical key witness for the defense. She has a degree in a relevant field pertaining to finance (she teaches higher mathematics, and has a degree in mathematics), was a witness to all of the relevant facts, and had extensive testimony that she was prepared to give detailing how none of defendant Wagner's actions were self-serving or fraudulent, but that they were instead in the best interests of WBGI and its shareholders.

4.    Yet judge Shelby seems to appear to believe that her presence was not necessary for a "full and fair opportunity to litigate". So this appears to be a mis-apprehension of the facts by judge Shelby, or else he was a very twisted and distorted sense of what constitutes a full and fair hearing, either of which requires reversal on appeal.

5.    It is very clear from the facts that defendant Wagner did not have an opportunity for a full and fair hearing because his critical key witness was falsely arrested and removed from the courtroom due to the fraud of Ken Francik acting as WBGI's agent (its President) lying to a grand jury about her in order to have her falsely arrested. The fact that defendant Wagner also then left, because his key witness could no longer testify, is irrelevant as to whether or not he could obtain a fair trial. Rather, recognizing that justice could not be obtained in that courtroom that day, he left to secure the safety of his wife who was in the grasp of a racist and irrational judge who had been acting in obvious concert with the illegal and criminal activity of Ken Francik in lying to a court in order to obtain an arrest warrant. In order to insure a full and fair trial, judge Nakamura had various other alternatives available to him rather than removal of defendant Wagner's key witness. He chose none of them, and instead insured defendant Wagner's inability to obtain a full and fair hearing that day.

6

## ARGUMENT

6.     The stay should be granted, because the pending parallel case is on appeal. The appellate court will recognize the errors of judge Shelby (briefly detailed above), and reverse and remand for further proceedings.   The errors by judge Shelby are errors of comprehension of the facts, and the facts are not in dispute. The sworn affidavits are unopposed, and set forth a chilling detail of extensive frauds worked on the Nevada and Hawaii trial courts by Ken Francik and other WBGI agents.   Because the affidavits or unopposed, and the facts uncontested (though mis-apprehended by judge Shelby), it is also possible that the appellate court will not only reverse, but remand with a directed judgment in plaintiff Wagner's favor, leaving only the amount of damages to be calculated at a "trial".

7.     As per the cited *Landis v. North American Company*, 299 U.S. 248, 57 Supreme Court 163, 81 Lawyer's Edition 153 (1936) this court should stay the instant action while the issues pertaining to the frauds of the WBGI agents are addressed by the appellate court. Those frauds worked by WBGI's agents are the identical issues that would be used as a defense against the instant action in which WBGI is fraudulently seeking non-dischargeable status for judgments that were obtained by the frauds of WBGI and its agents.

8.     Judicial economy, as well as preventing potentially inconsistent decisions, should also stay the hand of this Court at this time.   The appellate court will recognize the frauds that were worked on the state trial courts, and how they serve to invalidate the judgments that were obtained by those frauds, and thereby likewise invalidate any alleged preclusive effect of those judgments. In doing so, not only will it allow the parallel federal case to move forward on the defamation claim, and request for appointment of a Receiver to handle the affairs of WBGI, but it will

resolve the instant false claim that WBGI worked no fraud, and its Nevada and Hawaii judgments are non-dischargeable.

9.      Accordingly, this Court should enter a stay pending final resolution of the frauds worked by WBGI's agents in obtaining their judgments, which frauds are clear and evident in the uncontested sworn affidavits in the parallel federal action, and detailed anew in the instant action by way of new affidavits filed herein.

CONCLUSION

For the foregoing reasons, defendant Wagner respectfully requests that this Court enter the requested stay pending final outcome of the parallel federal case, or alternatively, dismiss the instant Complaint on the basis that the facts in the pending parallel federal case are wholly uncontested and uncontroverted, and the facts clearly demonstrate that the judgments were entered by frauds worked on the trial courts, and but for those frauds by WBGI's agents no non-dischargeable adverse judgments would have been entered against defendant Wagner herein.

DATED:      May 1, 2013

_Walter L. Wagner_
Walter L. Wagner