Arnold Richer - 2751
Patrick F. Holden - 6247
**RICHER & OVERHOLT P.C.**
901 West Baxter Drive
South Jordan, UT 84095
Telephone: (801) 561-4750 Ext.# 15
Facsimile: (801) 561-4744
Email: aricher@richerandoverholt.com

Attorneys for *Plaintiff World Botanical Gardens, Inc.*

---

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: <br><br> WALTER L. WAGNER, <br><br> Debtor. | Bankruptcy Case No. 12-35494 <br><br> Chapter 7 <br><br> Honorable Joel T. Marker |
| WORLD BOTANICAL GARDENS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WALTER L. WAGNER, <br><br> Defendant. | **PLAINTIFF'S REPORT OF PARTIES' PLANNING MEETING AND PROPOSED SCHEDULING ORDER** <br><br> Adversary Proceeding No. 13-02099 <br><br> (Filed via ECF) |

Plaintiff World Botanical Gardens, Inc. ("Plaintiff"), by and through its counsel, Richer & Overholt, P.C. hereby submits the following Plaintiff's Report of Parties' Planning Meeting and

Proposed Scheduling Order pursuant to Fed R. Civ. P. 26(f), Fed R. Bankr. P. 7026, and Local Rule 7016-1(b).

1. **Planning Meeting.** Plaintiff has attempted unsuccessfully to contact the Defendant in this matter pursuant to Fed. R. Civ. P. 26(f) for the purpose of conducting a Parties' Planning Meeting, and therefore no meeting occurred, and the Plaintiff therefore submits the following proposed Scheduling Order.

2. **Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and Local Rule 7016-1 by August 30, 2013.

3. **Discovery Plan.** Discovery will be needed on the following subjects:

    a. The allegations in the Adversary Complaint and the allegations and denials set forth in Walter Wagner's Answer.

    b. Disclosure or discovery of electronically stored information will be handled as follows: The parties will disclose electronically stored information by producing hard copies of discoverable electronically stored information.

    c. Plaintiff proposes that an order regarding claims of privilege or of protection as trial-preparation material asserted after production shall conform to that set forth in attached Exhibit "A" entitled Protocol for the Inadvertent Production of Documents.

    d. All discovery will be commenced in time to be completed by November 29, 2013.

e.  There will be a maximum of 25 interrogatories by each party to any other party with responses due 45 days after service.

f.  There will be a maximum of 15 requests for admission by each party to any other party with responses due 45 days after service.

g.  There will be a maximum of 5 depositions by Plaintiff and by Defendant.

h.  Each deposition will be limited to a maximum of 4 hours unless extended by agreement of the parties.

i.  Reports from retained experts under Rule 26(a)(2) will be due from the Plaintiff by November 30, 2013 and from the Defendant by December 31, 2013.

j.  Supplementation under Rule 26(e) will be due January 30, 2014.

**4. Other Items.**

a.  A conference with the court is not requested before entry of the scheduling order.

b.  The parties request a pretrial conference in February of 2014.

c.  The Plaintiff should be allowed until August 30, 2013 to join additional parties and until September 27, 2013 to amend the pleadings.

d.  The Defendant should be allowed until August 30, 2013 to join additional parties and until September 27, 2013 to amend the pleadings.

e.  All potentially dispositive motions are to be filed by March 15, 2014.

f.  Settlement is unlikely.

g.  Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from the Plaintiff by February 28, 2013 and from the Defendant by February 28, 2013.

h.  The parties should have 30 days after service of the final lists of witnesses and exhibits within which to list their objections under Rule 26(a)(3).

i.  The case should be ready for trial by May 1, 2014 and at this time is expected to take approximately 3 days.

DATED this 16th day of July, 2013.

**RICHER & OVERHOLT, P.C.**

*/s/ Arnold Richer*
Arnold Richer
Attorneys for Plaintiff

# Exhibit "A"

## PROTOCOL FOR THE
## INADVERTENT PRODUCTION OF DOCUMENTS

In the absence of a Protective Order governing inadvertent production of documents, in the event a party discovers that it has inadvertently produced a document that it considers privileged or confidential, or received a document that it believes was inadvertently produced on the ground that it is privileged or confidential, the parties will undertake to resolve the issue by complying with the following protocol:

1. If a party produces privileged or confidential information or documents ("Privileged Material") that the recipient believes were produced inadvertently, the recipient immediately shall **promptly** either return, **sequester or destroy** such Privileged Material to the producing party **and** notify the producing party of the apparent inadvertent production.

2. If a producing party discovers that it inadvertently produced information or documents that it considers Privileged Material, in whole or in part, it may retrieve such Privileged Material or parts thereof as follows:

    a. During the period within one hundred twenty (120) days after the date of the inadvertent production, the producing party may give written notice to all parties that the producing party claims said document, in whole or in part, to be privileged material and must state the nature of the privilege.

    b. Upon receipt of such notice, all parties who have received

copies of the produced documents shall promptly return, **sequester or destroy the document** and shall certify that all copies of the documents in their possession, and in the possession of anyone who receives copies from them, have either been returned, **sequestered** or destroyed. **If sequestered, the party who received the allegedly privileged or confidential information must not use or disclose the information until the privilege claim has been resolved.** Moreover, all parties who have received copies of the produced documents shall not make any use of the contents of the allegedly Privileged Material, unless and until a party challenges the privileged claim and the court determines the claim of the producing party is not well founded. In the event that only parts of documents are claimed to be Privileged Material, the producing party shall furnish redacted copies of such documents, removing only the part(s) thereof claimed to be Privileged Material, to all parties within ten (10) days of their return to the producing party or their destruction by the receiving party.

    c.    After timely service of such notice, no motion to compel the production of the inadvertently produced document may rely on an allegation that any protection as to the document was waived by its inadvertent production. Nothing in this paragraph shall preclude any recipient of such notice from promptly moving for an order compelling production of such document on the ground that the claim of privilege is not well founded.

   d. During the period more than one hundred twenty (120) days after the inadvertent production, but in no event later than thirty (30) days prior to trial, the producing party may request the return of said document which it claims, in whole or in part, to be Privileged Material, pursuant to and in accordance with the following procedure:

    i. The producing party must give written notice to all parties that the producing party claims said document, in whole or in part, to be Privileged Material and must state the nature of the privilege;

    ii. Within ten (10) days of giving written notice pursuant to paragraph (i) above, the parties shall meet and confer to discuss the assertion of privilege. If the parties cannot reach agreement within ten (10) days of the giving of such written notice, the producing party shall file a Motion for Protective Order in accordance with the Superior Court Civil Rules that seeks the return or destruction of the inadvertently produced privileged document(s).

   e. Inadvertent production of privileged material, the return of which is requested in accordance with this section, shall not be considered a waiver of any claim of privilege.