**The below described is SIGNED.**

**Dated: August 5, 2013**





**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>WALTER L. WAGNER,<br><br>Debtor. | Bankruptcy Number: 12-35494<br><br>Chapter 7 |
| WORLD BOTANICAL GARDENS, INC.,<br><br>Plaintiff,<br>vs.<br>WALTER L. WAGNER,<br><br>Defendant. | Adversary Proceeding No. 13-2099<br><br>Judge Joel T. Marker |

**ORDER GOVERNING SCHEDULING**
**and PRELIMINARY MATTERS**

    1.    **DISCLOSURE:** Fed. R. Civ. P. 26(a)(1) and Fed. R. Bankr. P. 7026 initial disclosure will be completed on August 30, 2013. Form 35 was submitted on July 16, 2013.

    2.    **LIMITATION ON DISCOVERY:** The following limitations on discovery have been fixed by the court.

        a.    Maximum number of depositions (including experts) by plaintiff    5
        b.    Maximum number of depositions (including experts) by defendant   5

    c.    Maximum number of depositions by third-party defendant
    d.    Maximum number of hours for taking depositions     4
    e.    Maximum interrogatories by any party to any party.     25
    f.    Maximum number of requests for admissions.     15
    g.    Maximum number of requests for production of documents     Unlimited
    h.    Number of reports and deadline for Fed. R. Civ. P. 26(a)(2)and Fed. R. Bankr. P. 7026 reports from retained experts and date to designate other expert witnesses.
Party with the Burden of Proof report due November 30, 2013.
Rebuttal report due December 31, 2013.

3. **ELECTRONIC DISCOVERY:** Disclosure or discovery of electronically stored information will be handled as follows: The parties will disclose electronically stored information by producing hard copies of discoverable electronically stored information.

4. **PRIVILEGED MATERIAL OR PROTECTION OF TRIAL-PREP MATERIAL**: The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: As set forth in attached exhibit "A" to the parties planning meeting report entitled Protocol for the Inadvertent Production of Documents.

5. **DISCOVERY COMPLETION**: The discovery cut-off date in this adversary proceeding is November 29, 2013. Discovery requests shall have been served sufficiently in advance of this date to require responses to such requests to have been served and filed by this date. This means that all discovery, including responses to discovery requests, must be completed by this date. All depositions shall also have been taken by this date. Supplementations pursuant to Fed. R. Civ. P. 26(e) and Fed. R. Bankr. P. 7026 are due January 30, 2014.

Discovery motions including, without limitation, motions to compel or for sanctions under Fed. R. Civ. P. 37 and Fed. R. Bankr. P. 7037 and motions for extensions of the discovery deadline shall, where possible, be filed sufficiently in advance of the discovery cut-off date to allow compliance with the date. Discovery sanction motions which do not comply with Local Rule 7026-1 shall be denied.

6. **MOTION DEADLINE**: Plaintiff shall be allowed until August 30, 2013, to join additional parties and until September 27, 2013, to amend the pleadings. Defendant shall be allowed until

August 30, 2013, to join additional parties and until September 27, 2013, to amend the pleadings. The deadline for the filing of all potentially dispositive motions is March 15, 2014.

    7.  **PARTIES' CONFERENCE**:  Counsel and any *pro se* parties shall hold a conference to discuss settlement, a proposed pretrial order, stipulated facts, exhibit lists, witness lists and other matters that will aid in the preparation of an accurate, complete, and definitive pretrial order. This conference shall be held on April 21, 2014, at the office of plaintiff's counsel.  Counsel for the plaintiff shall present for discussion at the conference a proposed draft of a pretrial order.

    8.  **PRETRIAL ORDER**:  The parties shall file a proposed pretrial order on or before May 5, 2014.

    9.  **FINAL PRETRIAL CONFERENCE:**  A final pretrial conference shall be held on June 2, 2014, at 10:00 AM, Room 341, before the Honorable Joel T. Marker, United States Bankruptcy Judge, Frank E. Moss Courthouse, at 350 South Main Street, Salt Lake City, Utah. Plaintiff's counsel shall take the lead in drafting the proposed pretrial order.  If counsel are unable to agree upon a proposed pretrial order, the matter will be resolved by the court at the final pretrial conference.  If no agreement as to the proposed pretrial order has been reached, plaintiff's counsel shall nevertheless file on the required date a proposed pretrial order which shall be accompanied by a statement from counsel for the parties explaining and arguing the areas of disagreement.

    Failure of plaintiff's counsel to timely file a stipulated pretrial order, or a proposed pretrial order and an explanation as to the failure to stipulate, as described above, shall, unless the court grants relief for cause shown, result in the dismissal of the civil proceeding.  If defendant's counsel fails to stipulate to the proposed pretrial order timely filed by the plaintiff and fails to file timely defendant's explanation and argument with respect to shortcomings in the proposed pretrial order, the proposed order, unless modified by the court to prevent manifest injustice, shall control the course of the trial.

    10.  **TRIAL BRIEFS**:  The date for submission of trial briefs addressing all legal issues in dispute shall be fixed at the final pretrial conference.  Counsel shall specify in the trial briefs all law (statutes, cases, etc.) which will be argued to the court or upon which counsel intend to rely. If counsel determine no legal issues to be in dispute, no trial briefs need be submitted unless the

court orders otherwise.  A party not filing a trial brief is deemed to have waived his right to oral argument of the law at trial and to have conceded the legal issues in dispute unless justice otherwise dictates.

    11. **TRIAL**:  The date for trial will be fixed at the final pretrial conference, and will be tried by Judge Joel T. Marker in Room 341, Frank E. Moss Federal Courthouse Building, 350 South Main Street, Salt Lake City, Utah.  Estimated trial time is ==three== days.  Settlement prospects are ==unlikely==.

    12. Counsel shall consult the local rules of this court with respect to motion practice, attorneys' conference, content of the proposed pretrial order, the filing of proposed findings and conclusions in a trial to the court, and other matters appropriate to the litigation.  In the event of conflict between any local rule and this order, this order shall control.  The schedule embodied herein shall not be altered except for good cause and upon approval of the court.  Any stipulated settlement or motion for continuance of trial should be filed with the court not less than three working days before the trial setting.  Unless good cause is shown, where a settlement is made or a continuance granted less than three days before trial, the clerk shall assess costs equally to the parties, including, but not limited to, court costs and filing costs, of $50.00 or more.  In any case, any stipulation or motion for continuance of trial should be communicated to the trial calendar clerk so the matter may be stricken from the court calendar and the time otherwise used.

---------------------------------------------END OF DOCUMENT-----------------------------------------

_____ooo0ooo_____

**SERVICE LIST**

Service of the foregoing **ORDER GOVERNING SCHEDULING and PRELIMINARY MATTERS** will be effected through the Bankruptcy Noticing Center to each party listed below.

**Arnold Richer**
Richer & Overholt, P.C.
901 West Baxter Drive
South Jordan, UT 84095
      Attorney for Plaintiff

**Walter L. Wagner**
532 N 700 E
Payson, UT 84651
      Prose Defendant