Arnold Richer - 2751
Patrick F. Holden - 6247
**RICHER & OVERHOLT, P.C.**
901 West Baxter Drive
South Jordan, UT 84095
Telephone: (801) 561-4750 Ext.# 15
Facsimile: (801) 561-4744
Email: aricher@richerandoverholt.com

Attorneys for Plaintiff World Botanical Gardens, Inc.

---

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: <br><br> WALTER L. WAGNER, <br><br> Debtor. | Bankruptcy Case No. 12-35494 <br><br> Chapter 7 <br><br> Honorable Joel T. Marker |
| WORLD BOTANICAL GARDENS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WALTER L. WAGNER, <br><br> Defendant. | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS AGAINST WBGI** <br><br> Adversary Proceeding No. 13-02099 <br><br> (Filed via ECF) |

Defendant Walter L. Wagner ("Defendant") filed a Motion for Summary Judgment As Against WBGI ("the Motion")[Dkt. No. 40], supported by two affidavits [Dkt. Nos. 39 and 41]. Plaintiff World Botanical Gardens, Inc. ("Plaintiff") hereby responds as follows:

1.   Plaintiff initiated this action to determine that certain debts owed by Defendant are nondischargeable under 11 U.S.C. § 523(a).

2.      Defendant has filed the Motion without an accompanying memorandum in support. As a result, there is no statement of undisputed material facts, and further, no explanation as to why the undisclosed undisputed material facts entitle Defendant to judgment as a matter of law in this nondichargeability proceeding.

3.      Federal Rule of Civil Procedure 56(a) requires that the movant establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

4.      Local Rule 7056-1(a) provides that "[a] memorandum in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which movant contends no genuine issue exists. The movant must number the factual statements and refer with particularity to the portions of the record supporting the motion."

5.      Defendant has failed to comply with Local Rule 7056-1(a) by: (a) not filing a supporting memorandum; (b) failing to identify the material facts as to which Defendant claims no genuine issue exists; and (c) failing to number the factual statements and refer with particularity to the portions of the record supporting the motion.

6.      Local Rule 9013-1(d) requires a movant to file and serve a Notice of Motion and Notice of Hearing which identifies "the last date on which an interested party may file an objection to the motion."

7.      Defendant has failed to file and serve the required Notice of Motion and Notice of Hearing.

8.      In In re Lundahl, 307 B.R. 233, 249 (Bankr. D. Utah 2003) the court stated that "[a]lthough debtors are given latitude by the Court when proceeding pro se, that does not excuse them from complying with the rules of the Court . . . ."

9.      Plaintiff respectfully requests that the Court deny Defendant's Motion for Summary Judgment as Against WBGI for failing to meet the minimal requirements of the Local Rules.

WHEREFORE, Plaintiff requests that Defendant's Motion for Summary Judgment as Against WBGI be denied.

DATED this 29 day of August, 2013.

RICHER & OVERHOLT, P.C.

_____
Arnold Richer
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the _29_ day of August, 2013, I caused a true and correct copy of the foregoing **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS AGAINST WBGI** to be served upon the following parties by placing the same in the United States mail, postage prepaid, addressed as follows:

Walter L. Wagner, Pro Se
532 North 700 East
Payson, UT 84651

**RICHER & OVERHOLT, P.C.**

_/s/ Arnold Richer_
Arnold Richer
Attorneys for Plaintiff