Arnold Richer, #2751
Patrick F. Holden, #6247
**RICHER & OVERHOLT, P.C.**
901 West Baxter Drive
South Jordan, Utah 84095
Telephone: (801) 561-4750, Ext. #17
Facsimile: (801) 561-4744
aricher@richerandoverholt.com
pholden@richerandoverholt.com

Attorneys for Plaintiff World Botanical Gardens, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>WALTER L. WAGNER,<br><br>Debtor. | Bankruptcy Case No. 12-35494<br><br>Chapter 7<br><br>Honorable Joel T. Marker |
| WORLD BOTANICAL GARDENS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WALTER L. WAGNER.<br><br>Defendant. | Adversary Proceeding No. 13-02099<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST WBGI**<br><br>(Filed via ECF) |

Plaintiff World Botanical Gardens, Inc. ("WBGI"), by and through its attorneys of record and

pursuant to Local Rule 7056-1 and Fed.R.Civ.P. 56, submits Plaintiff's Memorandum in Opposition

1

WBGI 06

to Points and Authorities in Support of Motion for Summary Judgment Against WBGI.

## INTRODUCTION

Defendant Walter L. Wagner ("Wagner") filed a Motion for Summary Judgment as Against WBGI. [Dkt. No. 40] Although listed on the docket as a Memorandum in Support [Dkt. No. 41], in actuality Wagner filed an Affidavit of Dan Perkins in Support of Motion for Summary Judgment as Against WBGI. Wagner did not file a memorandum in support of a motion for summary judgment as required by Local Rule 7056-1(a).

WBGI filed Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment as Against WBGI. [Dkt. No. 42] WBGI opposed Wagner's Motion for Summary Judgment as Against WBGI on the grounds that Wagner failed to comply with the procedural rules applicable to such motions. [Dkt. No. 42, pg. 2, ¶ 5]

Wagner eventually filed a Points and Authorities in Support of Motion for Summary Judgment Against WBGI. [Dkt. No. 44] WBGI filed Plaintiff's Motion for Summary Judgment [Dkt. No. 52], as well as Plaintiff's Memorandum in Support of Motion for Summary Judgment. [Dkt. No. 53]

WBGI now submits Plaintiff's Memorandum in Opposition to Points and Authorities in Support of Motion for Summary Judgment Against WBGI. To avoid unnecessary duplication, WBGI incorporates by reference the following sections from Plaintiff's Memorandum in Support of Motion for Summary Judgment: (1) its Request for Judicial Notice of the Judgments [Dkt. No. 53, pgs. ii-x]; (2) the Exhibits attached to Plaintiff's Memorandum in Support of Motion for Summary Judgment [Dkt. No. 53, Exhibits A, B, C, D, E, F and G]; and (3) Point III "The Doctrine of Issue Preclusion

2

Applies to Prevent Wagner From Relitigating Issues Previously Resolved in the Judgments" [Dkt.

No. 53, pgs. 2-21].

## DISPUTED MATERIAL FACTS

Pursuant to Local Rule 7056-1(b), WBGI disputes Wagner's statement of facts contained in

his "Summary of Facts" as follows:

> 1.    This case involves evil actions on the part of one individual. This
> Court should be aware that, though that evil is detailed herein, defendant Walter L.
> Wagner is well aware of greater evils throughout the world including Syria.
> Defendant Walter L. Wagner ("Wagner"), along with his spouse Linda M. Wagner,
> founded a botanical garden in Hawaii in 1995, known as World Botanical Gardens,
> Inc. ("WBGI"). For ten years they served as the officers and directors of the
> corporation, through and until September 2, 2004.

**Disputed. WBGI, as a Utah corporation was dissolved in 1996. [Exhibit D, pg. 10, ¶ 18]**

**"After the dissolution of the Utah corporation, no corporate legal entity existed until WBGI's**

**formation as a Nevada corporation on April 12, 2001." [Exhibit D, pgs. 10-11, ¶ 20]**

> 2.    On September 2, 2004 they were replaced as the officers of WBGI,
> being replaced by Kenneth Francik ("Francik") as the new president, and Annette
> Emerson ("Emerson") as the new secretary and treasurer. Minutes of that board vote
> were prepared by Emerson. Emerson also submitted for filing on that date with the
> corporations department in Nevada (wherein WBGI was incorporated) showing that
> change in officers.

**Disputed. "In August of 2003, Ken Francik became a WBGI director . . . ." and in**

**"August of 2003, WBGI's Board of Directors named Ken Francik as WBGI's Chairman of the**

**Board." [Exhibit D, pg. 15, ¶ 40] Also, "'[i]n August of 2003, WBGI's Board of Directors**

**named Annette Emerson as Secretary/Treasurer. Annette Emerson has held the position as**

**WBGI's Treasurer continuously from August 2003 to the date of this Order." [Exhibit D, pg.**

3

16, ¶ 41]

      3.     During the course of the decade that Wagner spent developing WBGI, he took it from a valuation of $0.0 and no land asset., to a valuation of $10,000,000 and 180 acres of fee-simple ownership, and an additional 90 acres of lease/purchase option. Approximately 650 shareholders invested approximately $4,000,000 in WBGI to support that. At the time that the new officers began taking over the reins (2005), WBGI additionally and approximately $500,000 cash in savings/checking, and a tourist-flow that paid its routine operating costs. In order to facilitate that development over those 10 years, Wagner declined to accept his cash salary, and instead accepted promissory notes in lieu of payment of his earned salary. He additionally loaned approximately $70,000 to WBGI on his personal credit cards shortly after 9/11/2001 following a drastic downturn in Hawaii tourism that lasted nearly a year. All of the credit cards save one were used exclusively for WGBI loans.

**Disputed. Linda and Walter Wagner "diverted WBGI funds to their personal purposes. These included funds for the Wagners' personal mortgage, property tax payments and personal credit card payments and for debts incurred to creditors for personal expenditures." [Exhibit D, pg. 6, ¶ 5(1)]**

      4.     In 2005, WBGI shareholder Ron Tolman ("Tolman") challenged the illegal hold-over of Francik as a WBGI officer and director. Circa April 2005 Tolman and Francik signed an agreement to share WBGI responsibilities, and to not use WBGI funds for litigation of this 'dispute'. Shortly thereafter, Francik removed the WBGI monies from the WBGI accounts, and then began using that money to sue Tolman, Wagner, et al. Two identical suits were filed in Hawaii and Utah, and falsely claimed that Wagner had misused WBGI money during the preceding decade, and falsely claimed that Francik had been properly elected. In fact, he had received only 10% of the vote, giving rise to the dispute, and he did not have legal support by the shareholders.

**Disputed. There was no agreement between the two boards. [Exhibit D, pg.36, ¶ E and pg. 38, ¶ 6] Wagner's removal was proper and the Board acted properly. "The removal of Defendant Walter Wagner from the WBGI Board of Directors was proper . . . ." [Exhibit A, pg. 9, ¶ 2]; and (3) that "[f]rom Defendant Walter Wagner's removal through the present, the**

4

**WBGI Board of Directors has properly managed the business and affairs of WBGI." [Exhibit**

**A, pg. 6, ¶ 22]**

> 5.      Over the course of the next several years, between 2005 and 2013, Francik and his associates liquidated all of the WBGI assets that Wagner had acquired for the 650+ shareholders. This money was spent on Francik and his associates, including funding of his fraudulent lawsuits. The last remaining assets were recently liquidated with the bankruptcy dissolution of WBGI in August 2013 to 'satisfy' the alleged creditors (Francik and his associates). The botanical garden itself languished after 2005, as most of it was abandoned by Francik, and the tourist-flow fell from its high in 2004 of around 110 visitors/day, to about 15 visitors/day at the time of liquidation of the last remaining assets at auction in Reno during August 2013. This drop in visitor-flow was because of mismanagement, as the visitor flow to the Big Island has increased during that same time-frame.

**Disputed. Wagner's own conduct severely financially harmed WBGI. Wagner himself**

**drained WBGI's assets. "Wagner and Perkins brazenly asked this Court to appoint a receiver**

**on grounds that WBGI has incurred massive legal expenses - expenses WBGI incurred**

**defending against their extensive, repetitious, and meritless legal and factual arguments this**

**Court has repeatedly rejected." [Exhibit D, pg. 39, ¶ 6] Also, "[a]s a direct and proximate**

**result of the Remaining Defendants' actions, WBGI's ability to operate its business has been**

**seriously restricted, its reputation has suffered, and its ability to raise fund [sic] for capital**

**improvements has been affected . . . ." [Exhibit D, pg. 43, ¶ 18]**

> 6.      The two lawsuits filed by Francik in Hawaii and Nevada are the subject of this summary judgment. Both suits resulted in fraudulently obtained 'judgments', and but for the fraud, no judgements would have issued as Wagner was not engaged in any form of wrongdoing, and the allegations against him were frauds and lies.

**Disputed. Wagner alleged "in multiple pleadings that Ken Francik perjured himself**

**before the Nevada court and committed fraud in prosecuting claims against Defendants in**

Nevada when in fact Ken Francik testified truthfully. 'Wagner's and Perkin's allegation of

perjury are abusive and devoid of any factual or legal bases and have been alleged with the

intent to harass." [Exhibit D, pg. 36, ¶ 17(B)] Both the Nevada and Hawaii Courts found

Wagner engaged in extensive wrongdoing. [Exhibits A and D] Appellate courts in both

jurisdictions rejected Wagner's appeals attacking the trial courts' determinations. [Exhibits

C, F and G]

       7.    In support of the Hawaii action, in February 2008 Francik appeared before a Hilo grand jury and falsely alleged, with knowledge of the falsity, that Linda Wagner had signed, in January 2004, a WBGI promissory note when she was no longer a WBGI officer, falsely claiming she had been replaced by Emerson in August 2003, not in September 2004 as was actually the case. That grand jury issued the indictment he requested falsely charging Linda Wagner with attempted theft and identity theft, both felonies.

Undisputed that Linda Wagner was charged criminally, disputed that Francik falsely

testified and affirmatively allege that Hawaii Court found that Linda Wagner falsely executed

the promissory note at issue. "After August of 2003, Defendant Linda Wagner executed

numerous documents purporting to be WBGI documents using the title of WBGI Treasurer,

without authority or authorization to do so, including a Promissory Note dated January 1,

2004 . . . ." [Exhibit D, pg. 22, ¶ 73]

       8.    Using this falsely obtained criminal indictment, Francik then secretly requested the trial court judge to arrest her at the "trial" of the case being conducted in April 2008, falsely asserting to the judge that the indictment was valid. Acting on that misinformation, and contrary to accepted procedure, the trial court removed Linda Wagner from the courtroom at the start of the "trial" pursuant to Francik's fraudulently obtained indictment, thereby precluding her testimony as a former WBGI officer. Her testimony was to pertain to Francik's false allegations in the complaint during the time-frame when she served as a WBGI officer. The resulting judgment, issued without an actual trial, though rehearsing on its face as if a trial

6

WBGI 06

were conducted, has since been discharged, and bankruptcy-liquidated WBGI now seeks its reinstatement through the continuing action of Richer and Overholt.

**Disputed. First, the allegation that Francik "secretly requested" that the trial court arrest Linda Wagner is not based on personal knowledge. Second, the indictment was not fraudulent. See Answer to Statement of Fact No. 6 above.**

> 9.      Her testimony, had she been allowed to testify, would have refuted all of his false allegations. Likewise, Wagner left the courtroom to secure her release from false imprisonment, as it was pointless for him to continue the "trial" absent his key witness. The alleged "trial" was conducted entirely in their absence, and without any of their testimony that refuted all of the false allegations made against them. Consequently, there was no actual trial, and it was simply a one-sided presentation of Francik's numerous lies and frauds.

**Disputed. The Hawaii Court had already determined liability in a prior summary judgment before the trial. [Exhibit D, pgs. 6-7, ¶ 5] "On April 28, 2008, only Defendant Walter Wagner was present at trial. . . . [Wagner] also informed the Court . . . that Linda Wagner, Defendant Wagner's wife, would not be present at trial until an unspecified time later in the case." [Exhibit D, pg. 1]**

**The Hawaii Court went on to note that "[a]t the beginning of trial on Tuesday morning, April 29, 2008, Defendant Walter Wagner was against present, not Linda Wagner. The Court inquired of Defendant Wagner whether his wife would be present for trial. Defendant Wagner indicated to the Court that his wife would be present later in the morning. Defendant Linda Wagner briefly appeared before the Court later that morning." [Exhibit D, pg. 1]**

**Later, "[s]hortly after Defendant Linda Wagner appeared in Court, a recess was taken by the Court. After recess, neither Defendant Walter Wagner nor Linda Wagner was present.**

WBGI 06

**The Court noted for the record that Defendant Linda Wagner had been arrested pursuant to
a bench warrant which was issued because of an indictment. Neither Defendants Walter
Wagner or Linda Wagner appeared in Court when it reconvened . . . Said Defendants failed
to request any continuance of the trial or to be excused." [Exhibit D, pgs. 1-2]**

10.    The fact that Linda Wagner was a pillar of the Big Island community,
serving as a volunteer Relief Society President and other callings for her Church, as
a volunteer President of the local Parents and Teachers Association (PTA), as a
professional educator in the local school district, and is a full-time Mom, was not
presented to either the grand jury, nor to the trial court judge. Likewise, the fact that
Francik was fired in 1995 from the Los Angeles Police Department ("LAPD") for
presenting perjured testimonies, and that he was prosecuted for those felonies by the
District Attorney for Los Angeles County, was also not presented to either the grand
jury, nor to the court. Rather, he falsely claimed he had voluntarily retired from the
LAPD to both the grand jury, and to the court, in an effort to make himself appear
credible to them.

**Disputed. The Hawaii Court found that Linda Wagner, with Walter Wagner and Dan
Perkins, "engaged in fraud, conversion, intentional interference with WBGI's prospective
business opportunities, embezzlement, misappropriation or theft of WBGI's trade secrets and
trade names, abuse of process, and malicious prosecution." [Exhibit D, pg. 43, ¶ 19] With
respect to Ken Francik, the Nevada Court stated that "in fact Ken Francik testified
truthfully." [Exhibit D, pg. 36, ¶ 131(B)]**

11.    The facts that Linda Wagner's testimony would have shown, had she
been allowed to testify, and as would have been corroborated by Wagner's parallel
testimony if he hadn't been required to post her bail, have been detailed by sworn
affidavit and show:

•    Wagner did not sell company shares and fraudulently embezzle the
money as falsely alleged by Francik, but rather sold some of this own
shares, and donated the money to the garden;

8

WBGI 06

- Wagner did not fraudulently use company money to pay for his housing as falsely alleged by Francik, but rather Wagner's employment contract with WBGI included housing payment since he was not receiving his contracted salary but rather agreeing to accept promissory notes in lieu of salary;

- Wagner did not fraudulently use company money to pay for personal legal work of no benefit to WBGI as falsely alleged by Francik, but rather he used company money to pay WBGI attorneys for legal work that benefitted WBGI, at their urging;

- Wagner did not fraudulently use company credit cards to purchase personal items, as falsely claimed by Francik, but rather loaned his own personal credit cares to WGBI, one of which he also retained for personal use as well, and kept and itemized accounting for such personal purchases to insure WBGI did not inadvertently pay for those purchases;

- Wagner did not fraudulently use company money to purchase health insurance for his family as falsely alleged by Francik, but rather his employment contract provided for health insurance for him, as well as all other employees, as required by Hawaii law mandating health insurance fore employees provided by the employer;

- Wagner did not fraudulently loan company money to a third party, but such loan was approved by the board of directors and was for a legitimate WBGI purpose to further its interests in Hawaii;

- Wagner did not engage in any other fraudulent activities that might by omitted herein as falsely alleged by Francik, but rather all of his activities were in furtherance of WBGI and increasing the WBGI asset base.

**WBGI does not dispute that Walter and Linda Wagner would have denied the allegations against them in the Hawaii Court. Nevertheless, the Hawaii Court found that Walter and Linda Wagner committed fraud and embezzlement. [Exhibit D]**

12. The facts further show that no appeal of the above case was allowed, and instead after two years of pendency before the court of appeals, that appellate tribunal

WBGI 06

simply 'disqualified' itself in order to 'protect' the trail court judge for his obvious malfeasance, and shortly thereafter dismissed the appeal.

**Disputed: The Hawaii Court of Appeals and the Hawaii Supreme Court both rejected**

**Wagner's appeals. [Exhibits D, F and G]**

13. In addition to the above uncontested facts showing no actual trial in Hawaii, and that the actual facts show no fraud whatsoever on the part of Wagner but rather extreme fraud on the part of Francik, the uncontested facts show similar fraudulent activity on the part of Francik occurred to obtain the "judgment" in Nevada.

**Disputed: Neither WBGI nor the Board committed fraud in relation to the Nevada**

**proceedings. [Exhibits A, B, and C]**

14. Specifically, the uncontested facts show that Wagner was deceived by Francik into not having witnesses present in Nevada who would have had testimony pertaining to the falsely alleged fraud that Wagner had sold company shares and embezzled the money. Francik, by and through his Hawaii attorney, fraudulently deceived Wagner and convinced Wagner that monetary claims pertaining to that false claim would not be presented in Nevada, but only in Hawaii. In reliance thereon, Wagner did not fly his two primary witnesses pertaining thereto to Nevada. The uncontested facts show that those witnesses were David Adams ("Adams") and Linda Wagner, who remained behind in Hawaii to give testimony pertaining to that false claim in the then forthcoming Hawaii case Francik had fraudulently initiated. Francik fraudulently assured Wagner that the Nevada case would only litigate the governance dispute between Tolman and Francik, not the monetary claims that were to be reserved exclusively for Hawaii.

**Disputed. The Nevada Court noted Wagner's "baseless argument that WBGI committed a fraud on this Court by prosecuting claims against Defendants in Nevada allegedly in violation of a promise WBGI made to Judge Nakamura in Hilo, Hawaii not to bring damages claims in Nevada that are pending in Hawaii against Defendants, a promise WBGI did not abrogate." [Exhibit D, pg. 38, ¶ 6]**

WBGI 06

15.    The uncontested facts show that Adams, had he been allowed to testify in Nevada, would have testified that Wagner was selling his own shares and not the company shares as fraudulently alleged by Francik. His testimony would have shown that he'd had several conversations with Francik regarding the fact that Wagner was selling his own shares, that Francik knew of and approved of such sales, and that Adams was routinely reducing Wagner's share count in the company data base to account for those share sales, and that Wagner was not engaged in any form of fraud.

**Disputed. "Wagner and Perkins have repeatedly alleged that Ken Francik gave them permission to sell shares in WBGI and pocket the proceeds when in fact no one gave Wagner or Perkins permission to defraud anyone." [Exhibit D, pg. 36, ¶131(D)]**

16.    The uncontested facts show that Linda Wagner, had she been allowed to testify, would have testified that Wagner was selling his own shares and not the company shares as fraudulently claimed by Francik, that she kept the accounting thereof, and that the monies were donated to the betterment of the botanical garden by purchasing of materials, equipment and labor to support the garden effort, and that Wagner was not engaged in any form of fraud.

**Disputed. "When it was discovered that the Remaining Defendants had been pocketing investor money from checks investors had written to or on behalf of WBGI, the Remaining Defendants then participated in a revised scheme . . . This scheme was fraudulent and deceptive because . . . (2) there was no actual transfer of Defendant Walter Wagner's personal shares to the foundation, . . . [and] (5) none of the investor funds were used to benefit WBGI as the investors intended . . . ." [Exhibit D, pg. 42, ¶ 13]**

17.    The uncontested facts show that, over the course of several years, Francik devastated the botanical garden finances by liquidating its assets which he then spent on himself, his associates, and his fraudulent lawsuits, and that he fraudulently sought to blame Wagner for his own follies, and that consequently the new WBGI management was forced to file for bankruptcy liquidation last month.

**Disputed. Wagner's own conduct damaged WBGI. "The Remaining Defendants**

11

fraudulently used the WBGI entity to further their personal goals and for their personal benefit, and acted willfully and without regard to the financial well being of WBGI or its shareholders." [Exhibit D, pg. 43, ¶ 19]

       18.    The facts further show, as in the Hawaii case, that there was no appeal right in Nevada and no ability to appeal erroneous findings of fact.

**Disputed. Wagner appealed the Nevada Judgment, which the Nevada Supreme Court denied. [Exhibit C, Order of Affirmance]**

## ARGUMENT

## POINT I

### WAGNER IS NOT ENTITLED TO SUMMARY JUDGMENT BECAUSE ISSUE PRECLUSION BARS THE RELITIGATION OF THE FACTS UPON WHICH WAGNER RELIES.

Under Fed.R.Civ.P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Wagner is not entitled to judgment as a matter of law, because under the doctrine of issue preclusion he is barred from relitigating the facts upon which he relies.

WBGI extensively discussed issue preclusion as it applies to the instant case. [Dkt. No. 53, pgs. 2-6] Accordingly, WBGI will not re-state the legal authority and argument contained therein. WBGI obtained orders and judgments ("Judgments") against Wagner in two state court proceedings in Nevada and Hawaii. The Judgments are final and apply to preclude Wagner's relitigation of issues of fact and law determined in the Judgments.

In Wagner v. Michie et al., Case No. 2:11-cv-784, Judge Shelby affirmed Magistrate

WBGI 06

Warner's Report and Recommendations finding that the Judgments met the elements of issue

preclusion from each respective state, Nevada and Hawaii. In that case, Wagner sued WBGI and

individual Board members for state law defamation in federal court based on diversity. Wagner

attempted to relitigate issues on which he had lost in Nevada and Hawaii. The court, applying issue

preclusion, dismissed Wagner's claims. The court considered the same judgments (excluding one

Nevada contempt judgment) which are now before this Court.

WBGI urges this Court to follow the well-reasoned approach of Magistrate Warner and Judge

Shelby and conclude that Wagner is barred under the doctrine of issue preclusion from relitigating

the factual and legal issues contained in the Judgments. Wagner argues that the Judgments were

obtained by fraud. In so arguing, Wagner relies on assertions which have all been considered and

rejected by two state courts.

Wagner is a vexatious litigant. [Exhibit D, pgs. 30-40] The instant motion is the latest legal

maneuver designed to increase WBGI's costs by advancing claims considered and rejected by

multiple courts. As the Nevada Court stated: "I find that Wagner and Perkins' goal in this regard is

to abuse the legal process to destroy WBGI if they cannot have their way." [Exhibit D, pg. 38, ¶ 6]

While so arguing, Wagner disparages the reputations of innocent Board members such as Francik[1]

and Michie[2]. Wagner has not shown, nor can he, that the facts upon which he relies are undisputed,

---

[1] Wagner claimed that "Ken Francik perjured himself before the Nevada court and
committed fraud in prosecuting claims against Defendants in Nevada when in fact Ken Francik
testified truthfully." [Exhibit D, pg. 36, ¶ 131(B)]

[2] Wagner's mendacity took a genuinely mean-spirited turn when "he filed statements with
this Court false[ly] stating that Preston Michie (WBGI's General Counsel), age 60, is the father

WBGI 06

or that he is entitled to judgment as a matter of law.

Further, Wagner's claim related to WBGI's bankruptcy is baseless. WBGI still exists and its

Chapter 11 Bankruptcy does not preclude the instant Adversary Proceeding.

### CONCLUSION

For the foregoing reasons, WBGI respectfully requests that the Court deny Wagner's Motion

for Summary Judgment.

DATED this 26 day of September, 2013.

**RICHER & OVERHOLT, P.C.**

Arnold Richer
Attorneys for Plaintiff World Botanical Gardens, Inc.

---

of Leslie Cobos (WBGI's secretary), age 55. This is clearly an attempt to embarrass these
individuals with false allegations of child abuse and statutory rape by Leslie' Cobos' mother who
has never met Preston Michie." [Exhibit D, pg. 35, ¶ 128]

14

WBGI 06

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **PLAINTIFF'S**

**MEMORANDUM IN OPPOSITION TO POINTS AND AUTHORITIES IN SUPPORT OF**

**MOTION FOR SUMMARY JUDGMENT AS AGAINST WBGI**  to be delivered to the

following in the manner and on the date below indicated:

[X] Mail  
[ ] Fax  
[ ] Email  
[ ] Hand Delivery

Walter Wagner  
532 N 700 E  
Payson, Utah 84651  
(Pro Se Appearance)

DATED this $26$ day of September, 2013.

Arnold Richer  
Attorney for World Botanical Gardens, Inc.

WBGI 06

15