# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

October 18, 2013

Douglas E. Cressler
Chief Deputy Clerk

Mr. Walter L. Wagner
532 North 700 East
Payson, UT 84651

**RE:** 13-4082, Wagner v. Michie, et al
Dist/Ag docket: 2:11-CV-00784-RJS

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

*[signature]*

Elisabeth A. Shumaker
Clerk of the Court

cc:   Patrick F. Holden
Arnold Richer

EAS/sls

FILED
United States Court of Appeals
Tenth Circuit

October 18, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

WALTER L. WAGNER,

    Plaintiff - Appellant,

v.

PRESTON MICHIE; KENNETH FRANCIK; LESLIE COBOS; MARK ROBINSON; ANNETTE EMERSON; STEVEN BRYANT; WORLD BOTANICAL GARDENS, INC.,

    Defendants - Appellees.

No. 13-4082
(D.C. No. 2:11-CV-00784-RJS)
(D. Utah)

---

### ORDER AND JUDGMENT[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Plaintiff and appellant, Walter L. Wagner, proceeding *pro se*, appeals the dismissal of claims he brought against the World Botanical Gardens, Inc. ("WBGI") and former and current board members of WBGI.[1] For the following reasons, we affirm that dismissal.

## BACKGROUND

Mr. Wagner is a former officer and shareholder of WBGI. In his amended complaint in the instant case, Mr. Wagner brought six causes of action against WBGI and the other defendants. He brought claims for slander and libel on three different topics: his (Mr. Wagner's) record-keeping, alleged misappropriation by Mr. Wagner of WBGI funds, and the circumstances surrounding a 2004 promissory note ("2004 Note"). Mr. Wagner also alleged that WBGI had engaged in fraud, waste, and mismanagement.

In addition to the instant matter, there are three state court decisions involving Mr. Wagner that are related to this case and of which the district court took judicial notice. As described by the magistrate judge and the district court, these actions are:

---

[1] The defendant Board Members are Preston Michie, Kenneth Francik, Leslie Cobos, Mark Robinson, Annette Emerson, and Steve Bryant.

We note that this appeal is currently abated as it relates to WBGI only (but not the remaining defendants), because that organization filed a Chapter 11 bankruptcy petition in April. That abatement shall continue.

-2-

1. <u>World Botanical Gardens, Inc. v. Walter Wagner, et al.</u>;
   Second Judicial District for the State of Nevada, Washoe
   County; Case No. CV05-02079; dated October 2, 2006
   ("Nevada Decision I").

2. <u>Walter Wagner v. World Botanical Gardens, Inc.</u>; Third Circuit
   Court for the State of Hawaii; Civil No. 04-1-0232; dated
   November 13, 2007 ("First Hawaii Decision I").

3. <u>World Botanical Gardens, Inc. v. Walter Wagner, et al.</u>; Third
   Circuit for the State of Hawaii; Case No. 05-1-0210; dated
   October 9, 2008 ("Second Hawaii Decision I").

Report & Recommendation I (03/05/2012) at 3. Each of the above state court decisions resulted in further state court proceedings/history, of which the district court also took judicial notice:

1. <u>Walter L. Wagner, et al. v. World Botanical Gardens, Inc.</u>,
   Supreme Court of the State of Nevada, Washoe County, Case
   No. 48428, dated January 15, 2008 (unpublished), <u>cert. denied</u>,
   555 U.S. 827 (2008) ("Nevada Decision II").

2. <u>Walter Wagner v. World Botanical Gardens, Inc.</u>, 268 P.3d 443
   (Haw. Ct. App. 2011) ("First Hawaii Decision II").

3. <u>World Botanical Gardens, Inc. v. Walter Wagner, et al.</u>, 265
   P.3d 493 (Haw. Ct. App . 2011), <u>cert. denied</u>, 2011 Haw.
   LEXIS 265 (Haw. 2011) ("Second Hawaii Decision II").

Report & Recommendation II (11/05/2012) at 4.

As the above citations indicate, on January 15, 2008, the Nevada Supreme Court issued the Nevada Decision II, which affirmed the Nevada Decision I and, on October 6, 2008, the United States Supreme Court denied Mr. Wagner's petition for a writ of certiorari. On December 23, 2011, the Intermediate Court of

Appeals of Hawaii issued the First Hawaii Decision II. The First Hawaii Decision II reversed the First Hawaii Decision I on Mr. Wagner's claim for quantum meruit, but affirmed the First Hawaii Decision I in all other respects. The case was remanded and is now apparently pending before the trial court. When Mr. Wagner appealed the Second Hawaii Decision I to the Intermediate Court of Appeals of Hawaii, the court affirmed that Second Hawaii Decision I with the Second Hawaii Decision II. Mr. Wagner then filed a petition for a writ of certiorari with the Hawaii Supreme Court, which rejected the petition.

The district court further described the substantive allegations in each state court decision, as follows:

### Nevada Decision [I]

> WBGI sued Wagner in Nevada state court to obtain an injunction against Wagner's ongoing interference with WBGI's operations. After a three-day trial, the Nevada Court entered the Nevada Decision [I]. The Nevada Decision [I] described "a relentless conspiracy and campaign by Defendant Walter Wagner and the other Remaining Defendants to gain control of WBGI at any cost." The Nevada [Decision I] found that Wagner:
>
>> had diverted funds to his personal accounts, failed to keep proper financial records, . . . failed to pay employment taxes, failed to file corporate income tax reports, [and] failed to keep accurate records of shareholders. [WBGI board members] also discovered the Internal Revenue Service had placed a lien on WBGI's real property to secure payment of overdue payroll taxes.
>
> The Nevada [Decision I] also ruled that Wagner "intentionally and illegally engaged in a fraudulent scheme to sell shares of WBGI

stock to unsuspecting purchasers." Based on its findings of fact, the Nevada [Decision I] ruled that "[t]he removal of Defendant Walter Wagner from the WBGI Board of Directors was proper." The Nevada [Decision I] also found that "[f]rom Defendant Walter Wagner's removal through the present, the WBGI Board of Directors has properly managed the business and affairs of WBGI."

The Nevada Court entered a permanent injunction against Wagner ordering him to cease creating or participating in an alternate board of directors, interfering with WBGI's business affairs, altering signature cards of WBGI bank accounts, or attempting to sell WBGI property. . . .

### First Hawaii Decision [I]

Wagner sued WBGI seeking recovery of "deferred salary" in the form of the 2004 Note. WBGI purportedly executed the 2004 Note (and prior notes referenced in the 2004 Note) in favor of Wagner in the amount of $340,736.75. The First Hawaii [Decision I] found that the "promissory notes are fabrications" and that "Wagner's own statements to the Court also constitute admissions that the promissory notes are fabrications." The First Hawaii [Decision I] ultimately ruled that "[t]he 2004 [Note] . . . was fraudulently created." In addition, the First Hawaii [Decision I] stated that "Wagner has engaged in a course and pattern of fraud dating to the period before WBGI was incorporated." Among Wagner's conduct identified by the court was the following: signing promissory notes as an officer of a nonexistent corporation, signing promissory notes without shareholder approval, concealing information about the promissory notes and the lawsuit from WBGI's shareholders and directors, and making fraudulent representations to the court in order to induce the entry of a default judgment. . . .

### Second Hawaii Decision [I]

WBGI initiated this case against Wagner to recover corporate funds Wagner misappropriated and converted for his personal use. The Second Hawaii [Decision I] issued extensive findings of fact, conclusions of law, and an order detailing Wagner's conduct. The Second Hawaii [Decision I] ruled that Wagner "diverted WBGI funds [for] personal purposes. These included funds for [a] personal

> mortgage, property tax payments[,] personal credit card payments[,] and for debts incurred to creditors for personal expenditures. The Second Hawaii [Decision I] found that Wagner mischaracterized corporate funds as loans, business expenses, and salary.
>
> The Second Hawaii [Decision I] went on to find Wagner guilty of abuse of process and malicious prosecution, and declared Wagner a vexatious litigant for "relitigating or attempting to relitigate in propria persona and in bad faith the validity of final determinations in Nevada adverse to defendants involving WBGI who prevailed on all issues in dispute."

Report & Recommendation I at 3-6 (footnotes and citations omitted). As the above recitation states, these decisions were, in all but one small respect, affirmed by the highest state court.

As indicated, the instant case involves Mr. Wagner's claims of slander, libel, fraud, waste and mismanagement by WBGI and the other individual defendants. Defendant WBGI filed a motion to dismiss; Mr. Wagner filed a motion for a preliminary injunction.

The magistrate judge addressed these motions in his Report & Recommendation I. He recommended that the court deny Mr. Wagner's motion for a preliminary injunction. With respect to WBGI's motion to dismiss, the magistrate judge divided Mr. Wagner's claims into two categories: First, the magistrate judge recommended that the court grant WBGI's motion to dismiss as it pertained to Mr. Wagner's claims for fraud, waste and mismanagement because Mr. Wagner lacked standing to bring those claims. Second, regarding Mr. Wagner's claims for defamation, the magistrate judge recommended that they

be dismissed under the doctrine of issue preclusion since Mr. Wagner had litigated these matters in the various state court actions described above and of which the court took judicial notice. As the district court stated,

> Given the findings made by these [state] courts, [the magistrate judge] found that the Nevada [D]ecision barred Mr. Wagner's claim related to record-keeping; that the First Hawaii [D]ecision [I] barred Mr. Wagner's claim concerning the 2004 promissory note; and that the Second Hawaii [D]ecision [I] barred Mr. Wagner's claim about misappropriation.

Mem. Decision & Order at 2. At the time of the (first) Report & Recommendation I, however, the state court decisions were not final. Because of that circumstance, the magistrate judge found that WBGI had not satisfied a required element (finality) to establish issue preclusion. Accordingly, the magistrate judge recommended that the district court deny WBGI's motion to dismiss as it pertained to the defamation claims without prejudice to refile if and when the state court decisions became final.

After the magistrate judge had issued his (first) Report & Recommendation I, WBGI submitted a second motion to dismiss, and the individual defendants similarly filed a motion to dismiss. In these motions, the defendants presented evidence that the Nevada Decision I was final; that the Intermediate Court of Appeals of Hawaii had reversed the First Hawaii Decision I on the quantum meruit claim but had affirmed the decision in all other respects; and that the Hawaii Supreme Court had denied a petition for a writ of certiorari for the Second

Hawaii Decision I, which was affirmed by the Intermediate Court of Appeals of Hawaii.

As a result, the parties argued that the state law decisions were, for the most part, final and that, therefore, Mr. Wagner's defamation claims relating to his poor record-keeping and misappropriation of funds should be dismissed, and the court should stay the remaining defamation claim concerning the 2004 promissory note until there was a final decision in the First Hawaii Decision I proceedings. The magistrate judge agreed with these arguments in his Report & Recommendation II.

Mr. Wagner then filed with the district court objections to both Reports & Recommendations. With respect to Report & Recommendation I, regarding the question of the preclusive effect of the Nevada Decisions, the district court held that, in reaching its ultimate decision as to which of two competing boards of directors should control WBGI, the "Nevada court resolved a number of related factual and legal issues, including whether Mr. Wagner misappropriated funds, whether he kept proper records, and whether his removal from the board of directors was proper. Mr. Wagner had ample opportunity to argue these issues during the Nevada litigation and is now barred from asking this court to reconsider factual matters that the Nevada court has already addressed." Mem. Dec. & Order at 3. The court therefore concluded that Mr. Wagner's claims of

defamation relating to alleged poor record-keeping and misappropriation of funds should be dismissed.

The district court also rejected Mr. Wagner's contention that he did not have a full and fair opportunity to litigate the issues (regarding claims of Mr. Wagner's misappropriation and conversion of funds) addressed by the Second Hawaii Decisions. The court similarly rejected his challenge to the conclusion that he lacked standing to bring his fraud, waste and mismanagement claims against WBGI. On this latter point, the district court remarked that Mr. Wagner was, in essence, "asking a federal court to question the sufficiency of a state court proceeding for reasons wholly unrelated to any federal law." Id. at 4. The court "decline[d] Mr. Wagner's invitation" to engage in such questioning.

Mr. Wagner's objections to the magistrate judge's Report & Recommendation II fared no better. The court rejected Mr. Wagner's argument that the magistrate judge had "failed to consider a number of affidavits that Mr. Wagner submitted in support of his contention that the Nevada and Hawaii state court decisions were fraudulently obtained." Id. The court stated that it would "not overturn a state court decision on the grounds that Mr. Wagner suggests, no matter how many affidavits he submits" because Mr. Wagner needed first to "challenge those decisions using procedures outlined by state law." Id. at 5.

The district court also rejected Mr. Wagner's argument that the Hawaii courts had resolved his claims in the First Hawaii Decision in his favor: "It is clear that the Court of Appeals took no issue with the First Hawaii court's finding that the 2004 promissory note was fraudulent. In any event, the appellate court did not resolve Mr. Wagner's claims in his favor, since even Mr. Wagner's quantum meruit claim faces a number of hurdles on remand." Id. Finally, the district court rejected Mr. Wagner's claim that he should be allowed to proceed with the "part of his defamation action that concerns an indictment against him that the Defendants allegedly published on the WBGI website," finding his claim "to be nothing more than an assertion that the Defendants published a document available in the public record." Id. at 6.

The district court accordingly adopted all of the magistrate judge's recommendations contained in his Report & Recommendation II "except for one. The court sees no reason to stay the case until resolution of the First Hawaii decision because the court finds ample reasons to dismiss the case immediately." Id. Concluding that the any of Mr. Wagner's claims based on the 2004 promissory note had been addressed adversely to him by the Second Hawaii Decisions, the district court "dismisse[d] all of Mr. Wagner's claims on the grounds that they have been previously litigated." Id. Indeed, the district court found:

-10-

> a <u>myriad of other reasons . . . to dismiss this case</u>. If the court
> determined that issue preclusion did not bar Mr. Wagner's causes of
> action, the court would nevertheless issue an Order to Show Cause
> why the case should not be dismissed for failure to comply with Rule
> 11(b) of the Federal Rules of Civil Procedure. <u>The court is
> convinced that this case has been filed for the purpose of harassing
> the Defendants. The Second Hawaii court labeled Mr. Wagner a
> vexatious litigant for commencing at least five civil actions that were
> determined adversely to him, as well as for filing in bad faith
> numerous frivolous motions that were intended for the sole purpose
> of causing unnecessary delay. The number of instances of Mr.
> Wagner's fraudulent conduct, false representations, and unauthorized
> actions listed by both the Second Hawaii court and the Nevada court
> are too legion to list here.</u> As one example, Mr. Wagner was able to
> obtain a default judgment against WBGI without its knowledge by
> telling the Second Hawaii court that WBGI did not have any officers
> or directors and that WBGI did not object to the default being taken.
> <u>Given this background, it is highly unlikely that Mr. Wagner's
> current suit was brought in good faith. It is also doubtful that Mr.
> Wagner's Complaint satisfies the pleading standards required by
> Rule 8 of the Federal Rules of Civil Procedure. It is even doubtful
> that the court has jurisdiction to hear this matter, as Mr. Wagner
> presents no federal question and bases his claim to diversity
> jurisdiction on unsupported assertions that the amount in controversy
> is over $75,000. All of these observations support the court's
> decision to dismiss this case.</u>

<u>Id.</u> at 6-7 (emphasis added, citation omitted). The district court accordingly

dismissed all of Mr. Wagner's claims. We agree whole-heartedly with that

determination.

The magistrate judge's two Reports & Recommendations in this convoluted

proceeding were lengthy, detailed and thorough. The district court's decision

adopting, for the most part, those reports was equally thorough and persuasive.

We cannot improve on that court's careful explanation as to why Mr. Wagner's

claims fail and the defendants' motions to dismiss must be granted. We therefore affirm the district court's dismissal of this appeal, for substantially the reasons contained in its decision.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order granting the individual defendants' motion to dismiss and dismissing all of Mr. Wagner's claims. This matter is terminated as it relates to those individual defendants. The abatement of that portion of the appeal concerning WBGI shall continue. Within 30 days of the date of this Order and Judgment, Mr. Wagner shall file a written report regarding the status of the bankruptcy proceedings and the application of the automatic stay. The failure to file that report in a timely fashion shall result in the dismissal of the appeal as it relates to WBGI without further notice. See 10th Cir. R. 42.1.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge