Arnold Richer, Bar No. 2751
Patrick F. Holden, Bar No. 6247
**RICHER & OVERHOLT P.C.**
901 West Baxter Drive
South Jordan, UT 84095
Telephone: (801) 561-4750 Ext.# 15
Facsimile: (801) 561-4744
Email: aricher@richerandoverholt.com

Attorneys for *Plaintiff World Botanical Gardens, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Case No. 12-35494 |
|---|---|
| WALTER L. WAGNER, | Chapter 7 |
| Debtor. | Honorable Joel T. Marker |
| WORLD BOTANICAL GARDENS, INC., | **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION FOR CONTINUANCE** |
| Plaintiff, | |
| v. | Adversary Proceeding No. 13-02099 |
| WALTER L. WAGNER, | (Filed via ECF) |
| Defendant. | |

Plaintiff World Botanical Gardens, Inc. ("WBGI"), by and through its counsel, Arnold Richer and Patrick F. Holden of Richer & Overholt, P.C., hereby submits Plaintiff's Objections to Defendant's Motion for Continuance.

WBGI 06

1. Defendant Walter L. Wagner ("Defendant") has submitted a Memorandum of Law in Support of Motion for Continuance ("Motion for Continuance") [Dkt. No. 61] and an Affidavit of Walter L. Wagner in Support of Motion for Continuance ("Affidavit") [Dkt. No. 60], in which he requests that this Court continue the parties' pending motions for summary judgment so that Defendant can conduct discovery, or in the alternative, until the Tenth Circuit Court of Appeals issues its decision in the related matter of *Wagner v. Michie et al.;* Appellate No. 13-4082.

2. On August 13, 2013, Defendant filed a Motion for Summary Judgment as Against WBGI. [Dkt. No. 40]

3. On September 24, 2013, Plaintiff filed Plaintiff's Motion for Summary Judgment. [Dkt. No. 52]

4. Defendant filed his Reply Memorandum on August 9, 2013. [Dkt. No. 57]

5. This Court scheduled a hearing on the Motions for Summary Judgment to be heard on November 13, 2013. [Dkt. No. 54]

6. Defendant's Motion for Continuance is based on Fed.R.Civ.P. 56(d), which provides that:

> If a movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

7.      A party seeking a continuance pursuant to Fed.R.Civ.P. 56(d) must "file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." Libertarian Party of N.M. v. Herrera, 506 F.3d 1303, 1308 (10th Cir. 2007). Further, the movant must "state with particularity how the additional material will rebut the summary judgment motion." Comm. for First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992)(quotations and citations omitted).

8.      Defendant has failed to explain how any additional materials will rebut Plaintiff's Motion for Summary Judgment. In fact, Defendant's Motion for Continuance is self-refuting. Defendant states that "[t]hese depositions and interrogatories will **further corroborate** the sworn affidavits on file herein . . . ." [Dkt. No. 61, pg. 4][Emphasis added] Fed.R.Civ.P. 56(d) does not permit discovery merely to corroborate Defendant's affidavits. Defendant has submitted affidavits attesting to his version of events. The discovery Defendant seeks, by his own admission, would merely "further corroborate" his views, and is thus improper.

9.      Plaintiff's Motion for Summary Judgment is based on the application of issue preclusion to two prior state court decisions. The only issue is whether the judgments meet the applicable standards for issue preclusion, which involves not a factual inquiry, but instead a review of the contents of the state court judgments in light of the elements of issue preclusion.

WBGI 06

10. Defendant's proposed discovery is not likely to lead to admissible evidence and not proper. For instance, Defendant wants to depose two Hawaii state court judges. Defendant also wants to depose Plaintiff's former counsel, as well as employees of the Hawaii District Attorney's Office.

11. Defendant also raises the pendency of a an appeal before the Tenth Circuit Court of Appeals, *Wagner v. Michie et al.*, Case No. 13-4082, in which Defendant sued Plaintiff and its individual board members for defamation. Defendant argues that "this Court would be bound by that appellate court finding . . . ." [Dkt. No. 41, pg. 5] The Tenth Circuit did rule and affirmed Judge Shelby's dismissal of Defendant's complaint under the doctrine of issue preclusion. The Tenth Circuit addressed the same state court judgments at issue in this case. A copy of the Tenth Circuit Order and Judgment has been filed with this Court. [Dkt. No. 62] Defendant has filed a Petition for Rehearing En Banc in that matter which is still pending.

12. Defendant's Motion for Continuance does not meet the standards under Fed.R.Civ.P. 56(d), and should therefore be denied.

DATED this 6th day of November, 2013.

RICHER & OVERHOLT, P.C.

_____
Arnold Richer
Attorneys for Plaintiff

WBGI 06

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION FOR CONTINUANCE** to be delivered to the following in the manner and on the date below indicated:

[ ] Mail  
[ ] Fax  
[X] Email  
[ ] Hand Delivery

Walter L. Wagner  
532 N 700 E  
Payson, Utah 84651  
retlawdad@hotmail.com  
(Pro Se Plaintiff)

DATED this 6th day of November, 2011.

_____  
Arnold Richer  
Attorney for Plaintiff